Elmer James BILDERBACK, Jr., Appellant,

v.

UNITED STATES of America, Appellee.

No. 16419.

United States Court of Appeals Fifth Circuit.

June 29, 1957.

Rehearing Denied Sept. 11, 1957.

D. Lee Churchwell, Macon, Ga., for appellant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

Charged in count one with a conspiracy with others named, including one Wideman who with two others pleaded guilty, to violate Sec. 641, Title 18 U.S. C.A., and in counts four to ten inclusive with the substantive offenses of unlawfully receiving and concealing and unlawfully selling government property in violation of that section, and convicted and sentenced to five years penal servitude and to pay a fine of $12,000, defendant Bilderback appealed.

Here under four numbered specifications of error,[1] appellant in his initial brief presented the single claim that, for want of evidence, a verdict of acquittal should have been directed as to each count, and because it was not, the judgment must be reversed.

In his supplemental brief, urging upon us that if the conviction on the conspiracy count falls, the conviction on the other counts falls with it, appellant directs his main attack upon that count and the evidence of the government's witness, Wideman, offered in support of it. In a thorough going argument which, though directed to establishing the insufficiency of the evidence to take the conspiracy count to the jury, is in our opinion merely a closely reasoned, well knit and well sustained jury argument, going to the credibility and weight, rather than to the admissibility of Wideman's testimony, the appellant assails the verdict and judgment on the conspiracy count, and therefore on all the other counts, as unfounded and unfair.

The United States, countering this claim, urges upon us that the verdict was supported by substantial evidence, that the court did not err in denying appellant's motions for a verdict and judgment of acquittal, and that the judgment must be affirmed.

Insisting that, taken as a whole the claim that he was engaged in a conspiracy to steal from the government lacks legal and factual foundation, appellant urges upon us that the evidence relied on as connecting him with stolen government property lacks substance and convincingness and falls short of carrying the government's burden in fact and in law.

Denying that the articles he admitted selling were stolen from the United States and insisting that they were part of, and were found in boxes of, odd lots of materials he had purchased as surplus from it, he argues vigorously that there is no proof to support the charge that they were stolen property, none that, if they were, he received and dealt with them with guilty knowledge that they had been stolen. As to the articles which it is charged he sold to Hirsch, appellant, pointing to his flat denial of their possession and sale, insists that the verdict was unsupported by, was indeed palpably contrary to the evidence and the truth and right of the case.

Appellee, on its part invoking the settled rule of law that in reviewing jury verdicts appellate courts must take that view of the evidence which is most favorable to the verdict and sustain it if there is substantial evidence in support, insists that the evidence amply, indeed overwhelmingly, supports the verdict.

---

1. "(1) The trial judge erred in denying appellant's motion for a verdict of acquittal at the close of the government's case and again at the close of the evidence.

"(2) The trial judge erred in not granting appellant's motion for a judgment of acquittal notwithstanding the verdict of guilty on all counts, and in not granting a motion for a new trial.

"(3) The crime of conspiracy was not sustained by the evidence.

"(4) The conviction of appellant for receiving stolen goods was, of necessity, wrong because it was not proven the government lost any property by theft; that the property acquired by appellant was not purchased by him."

Taking up first the conspiracy count and then the substantive counts in turn, appellee marshals the evidence, direct and circumstantial, bearing on each count, and, pointing out in connection with the sale counts, that the defendant admitted making all the sales except to Hirsch, insists that there was ample evidence that the properties sold had been stolen with his knowledge, indeed connivance and that as to the Hirsch sale, the evidence is overwhelming that appellant did make it.

■ No useful purpose will be served by setting out the evidence, which, with lengthy and detailed examination and cross-examination of the witnesses for the government and the defense, extended to more than 1000 pages of testimony, including the more than 100 pages of testimony of the appellant himself. It is sufficient to say that a careful and painstaking reading of it all in the light of the briefs and arguments leaves us with the firm conviction that there was ample testimony to support the verdict on all the counts. Indeed, we think that upon this record any other verdict would not have been a reasonable one.

While the defendant did flatly deny, and offer testimony in contradiction of, the testimony of the government witnesses implicating him in the receiving, concealing, and selling of stolen government property, if not in the actual stealing of it, the evidence at best for him presented fact issues which the jury, on evidence amply supporting the verdict, resolved against him. It is true that a large part of the government's testimony consisted of that of self confessed thieves who, admitting that they were in a conspiracy to violate and did violate the act, implicated appellant in their wrong doing. But the fact that they were self admitted law violators was one of the facts which the jury was permitted to and no doubt did take fully into account in resolving the conflicts in the evidence and reaching their verdict against the appellant. It is true, too, that the defendant-appellant, in addition to denying the testimony of Mr. Hirsch as to sales made to him by the defendant, did both implicitly and explicitly charge Hirsch with trying to clear his own skirts by falsely claiming that the articles in question were bought by him from the defendant. This, too, was an issue of fact for the jury, and in view of the positive testimony of wholly disinterested witnesses, that the defendant had cashed the checks which Mr. Hirsch testified he had given him, and that the endorsement on the checks was that of the defendant, we think it quite plain that the defendant took upon himself an impossible burden not only with reference to this count but to the case as a whole when, counter accusing Hirsch of the offense with which he was charged, he undertook almost singlehandedly and alone to maintain, against overwhelming evidence of disinterested persons to the contrary, that he had not made the sale and had not endorsed and cashed the checks which were offered in evidence.

In short, coming here upon a voluminous record containing positive testimony, both direct and circumstantial, as to his guilt and directly implicating him in the offenses charged in each of the counts, defendant, resting his claims for reversal entirely upon the claim that the verdict was without evidence to support it, finds himself in a wholly untenable position in law and in fact. His position is untenable in law because the case, with its mass of evidence both incriminating and exculpatory, presented peculiarly a fact case. It is untenable in fact because defendant, standing almost singly and alone, except for his own testimony and that of members of his family, seeks to impeach as contrary to truth and right reason a verdict supported by ample, indeed abundant, accredited testimony.

No error appearing, the judgment is affirmed.