Elmer James **BILDERBACK**, Jr.

v.

**UNITED STATES of America.**

**Civ. A. No. 1436.**

United States District Court
M. D. Georgia,
Macon Division.

Oct. 15, 1957.

714

D. Lee Churchwell, Macon, Ga., for movant.

Floyd M. Buford, Asst. U. S. Atty., Macon, Ga., for respondent.

BOOTLE, District Judge.

In Criminal Case No. 7257, Elmer James Bilderback, Jr., hereinafter referred to as movant, was, in this Court on October 30, 1956, found guilty by a jury under eight counts, one count charging a conspiracy to steal government property (18 U.S.C.A. § 371 and § 641), and the other seven counts charging receiving and selling stolen government property. On November 2, 1956, he was sentenced to serve five years and to pay a fine of $12,000 and on the date of sentence, upon his motion, the judgment of conviction was superseded and he was permitted to remain at liberty pending appeal upon furnishing of bond of $5,000. He immediately furnished said bond and was not imprisoned under said sentence.

Subsequently, in Criminal Case No. 7370, he was indicted under four counts charging perjury allegedly committed by him upon the trial of the above mentioned case. The perjury case was tried before Honorable T. Hoyt Davis, Chief Judge of this Court, the first case having been tried before the undersigned. The jury convicted movant on all four counts of the perjury charge and Judge Davis, on April 18, 1957, sentenced him to serve two years, said sentence reading: "service of said sentence shall not run concurrently with the sentence heretofore imposed in Criminal No. 7257—

Macon Division, but shall be in addition to and independent thereof."

Movant appealed both sentences. The Court of Appeals has affirmed the first conviction, Case No. 7257, 246 F.2d 138, and has, on September 11, 1957, denied a motion for rehearing and movant is now in the process of petitioning the Supreme Court for a writ of certiorari, having obtained an order from the Supreme Court, on September 30, 1957, extending the time within which to file his petition until November 10, 1957. Movant failed to apply to the Court of Appeals in due course for a stay of the mandate in said case and the mandate was received by the Clerk of this Court on October 10, 1957. On October 11, 1957, movant's counsel advised this Court that he was making an application to the Court of Appeals for a recall of the mandate and requested this Court to delay the signing of the usual order making the mandate of the Court of Appeals the order and judgment of this Court. Accordingly, no order has as yet been entered by this Court making the mandate of the Court of Appeals the judgment and order of this Court.

Movant's conviction in the second case, No. 7370, 249 F.2d 271, is now pending on appeal in the Circuit Court of Appeals. Judge Davis, viewing that appeal as frivolous and taken for the purpose of delay only, denied bail in accordance with Rule 46(a) (2) of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Accordingly, since movant's conviction in said perjury case, on April 18, 1957, he has remained in Bibb County Jail. Although the Court of Appeals, on July 27, 1957, entered an order that he be allowed bail pending appeal upon his furnishing of bond of $5,000 said bond has not been furnished.

In movant's notice of appeal, filed May 9, 1957, from his conviction in the perjury case, he specifically elected "to have the term of sentence imposed not to begin until after appeal ended."

On July 26, 1957, movant then being incarcerated as a result of his conviction

in the perjury case but not under the sentence in said case, he having elected as aforesaid that the term of said sentence not begin until after his appeal therefrom should end, movant's bondsmen in the first case, No. 7257, filed with the Marshal of this Court a written notice that movant then being in the Marshal's custody in Bibb County Jail (under his conviction in the perjury case) they elected to come off his bond, saying: "Please consider this as a delivery of Bilderback to you." The Marshal thereupon accepted such delivery and released said bondsmen. Also, on September 23, 1957, movant's counsel filed both with the Marshal and with the Clerk of this Court a pleading in which he recited that he "files this his notice under Rule 38 of Title 18 U.S.C.A. Federal Rules of Criminal Procedure not to elect to commence service of sentence pending final disposition of the above stated case　＊　＊　＊" The "above stated case" is the first case hereinabove mentioned, namely, Criminal Case No. 7257. In said pleading movant's counsel recited that supersedeas bond had been granted by the District Court and had not been revoked and that movant intends to take advantage of same if it becomes necessary to obtain his freedom.

So it is that movant has elected not to begin the service of either of said sentences.

On August 30, 1957, movant presented to the Clerk of this Court his motion to vacate and set aside the verdict, judgment and sentence in case No. 7257 in which the first mentioned conviction occurred. Said motion was ordered filed without prepayment of costs and was so filed on September 17, 1957 and is now before this Court for attention and disposition. It alleges, in substance, that the United States Attorney, the Assistant United States Attorney, an Agent or Agents of the Federal Bureau of Investigation and others unknown to movant did willingly and knowingly combine and conspire to entrap and convict movant through the use of perjured testimo-

ny and sets out nineteen "overt acts" allegedly committed to effect the objects thereof. On September 17, 1957, an amendment was filed attacking the sufficiency of the indictment. On October 1, 1957, another amendment was filed including some additional points and citing additional authorities. On October 4, 1957, another amendment was tendered amending his motion "under Title 28 U. S.C.A. [§] 2255 to be identified as a motion of the following nature, to-wit:

"'A motion to vacate and set aside the verdict, judgment and sentence under Title 28 U.S.C.A. [§] 2255/ (sic) and or a motion under Title 28 U.S.C.A. [§] 2243 to void the judgment and sentence/ (sic) and or a motion in the nature of a writ of Coram Nobis.'"

Counsel have been heard extensively by briefs and orally as to whether movant should be permitted to prosecute this motion in this Court simultaneously with his prosecution of his appeal in the Court of Appeals and his proposed petition to the Supreme Court for writ of certiorari. I conclude that he should not.

"In the District Court, F. E. Nemec and others were indicted in five counts. Nemec was tried and found guilty as charged in counts 1, 2, 4 and 5. Thereupon a judgment was entered sentencing him to be imprisoned for terms aggregating four years. On appeal, the judgment was affirmed. Nemec v. United States, 9 Cir., 178 F.2d 656. Nemec then petitioned the Supreme Court for a writ of certiorari [339 U.S. 985, 70 S.Ct. 1006, 94 L.Ed. 1388]. While the petition was pending, he moved the District Court to vacate the judgment. From an order denying the motion he has appealed. We think that, in view of the pendency of the petition, the motion was properly denied." Nemec v. United States, 9 Cir., 184 F.2d 355.

"So even if it be assumed jurisdiction exists to do otherwise, due consideration for orderly judicial ad-

ministration would seem to require this court to abstain from determining a motion under 28 U.S.C. § 2255 while the judgment thus sought to be vacated is under review upon appeal, Nemec v. United States, 9 Cir., 1950, 184 F.2d 355, unless directed by the appellate court to do so. Fed. Rules Crim.Proc. Rule 39(a), 18 U. S.C." United States v. Kobey, D.C. S.D.Cal., 1952, 109 F.Supp. 192, 194.

For a lower court to assume jurisdiction of a case after an appeal has been perfected and prior to the signing of an order making the mandate of the Court of Appeals the judgment and order of the lower court would seem to do violence to the general rule that the perfection of an appeal suspends jurisdiction of a trial court. Simmons v. United States, 5 Cir., 1937, 89 F.2d 591; Lott v. United States, 5 Cir., 1955, 218 F.2d 675.

In order to bring himself within the ambit of Section 2255, Title 28 U.S.C.A., a movant must be "in custody under sentence." Movant is in custody and he is under sentence but he is not "in custody under sentence". The sentence which he would attack in this proceeding has, upon his motion, been superseded. Moreover, he has specifically elected not to commence service of this sentence all in accordance with Rule 38 (a) (2), Federal Rules of Criminal Procedure, reading:

"A sentence of imprisonment shall be stayed if an appeal is taken and the defendant elects not to commence service of the sentence or is admitted to bail."

It seems to this Court, therefore, that movant is not presently in custody under his sentence in Case No. 7257, but that he is in custody because of his failure to give bond as he has requested and been granted permission to do.

Yet another reason bars movant from the relief sought. Under Section 2255 of Title 28 U.S.C.A., a movant must be "claiming the right to be released". Movant here does not, and cannot, claim the right to be released because even if the conviction in this first case, Case No. 7257, should be set aside he would still be in custody because of his conviction in the perjury case, he being presently held in custody for failure to give bond in the two cases.

"In McNally v. Hill, 293 U.S. 131, 55 S.Ct. 24, 79 L.Ed. 238, the Supreme Court settled beyond cavil that federal habeas corpus may not be used as a means of securing the judicial decision of any question which, even if determined in the prisoner's favor, could not result in his immediate release. It follows that Section 2255 is available only to a prisoner claiming the right to immediate release if the issues are determined in his favor. Since appellant cannot claim to be released because of any infirmities in the sentence in the Southern District of New York so long as he is lawfully in custody under the uncompleted sentence imposed in the District of Maryland, the validity of which remains unchallenged, his application under Section 2255 is premature. Duggins v. United States, 6 Cir., 240 F.2d 479; Oughton v. United States, 9 Cir., 215 F.2d 578." United States v. McGann, 2 Cir., 1957, 245 F.2d 670, 672.

These views and the cases cited are not deemed to be in conflict with those cases dealing with special circumstances as for instance, where a defendant has fully served a federal sentence but because of said sentence is still serving a subsequently imposed state sentence, the state sentence being for a longer term because of the defendant's being regarded as a second offender due to his prior federal conviction. United States v. Morgan, 1954, 346 U.S. 502, 74 S.Ct. 247, 98 L. Ed. 248; United States v. Bradford, 2 Cir., 1952, 194 F.2d 197.

The motion as amended and the files and records in this case showing conclusively that movant is entitled to no relief, said motion as amended is hereby denied.