William Phillip **TAYLOR**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 20928.

United States Court of Appeals Fifth Circuit.

March 19, 1964.

Frederick L. Rice, Jacksonville, Fla., for appellant.

Samuel S. Jacobson, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., for appellee.

Before TUTTLE, Chief Judge, and JONES and BELL, Circuit Judges.

GRIFFIN B. BELL, Circuit Judge.

Appellant was charged with transporting a falsely made and counterfeited check in interstate commerce in violation of Title 18 U.S.C.A. § 2314. The sole defense offered was insanity. This appeal is from the judgment of conviction entered on a jury verdict of guilty.

The evidence offered by appellant going to the issue of insanity was his own testimony, the testimony of one psychiatrist, and the affidavits of two other psychiatrists. The government presented the testimony of two psychiatrists plus the observations of one lay witness who saw appellant when he cashed the check in Jacksonville, Florida, and another who observed him when he was arrested some four months later in California.

It appears that appellant had been in mental institutions located variously throughout the country over the course of the past twenty years for periods ranging from short to extended lengths of time. On at least six occasions he had been committed to mental hospitals upon judicial determinations that he was legally insane. These were in the District of Columbia in 1951 and 1955, in Texas in 1959 and 1961, and in Florida in 1959 and 1962. The offense here in issue was committed in December 1962.

Appellant underwent a psychiatric examination in Miami in May 1962, and the doctor who examined him there made a tentative diagnosis of insanity. He was referred to a state hospital and the doctor who next examined him there over a period of two months concluded that he was

not insane. He was released from that institution near the end of September 1962. This latter doctor testified for the government, as did a Navy psychiatrist who examined appellant in May, 1963 pursuant to 18 U.S.C.A. § 4244 while he was awaiting trial to determine his mental competence for trial purposes. The psychiatrist who performed the examination in Miami was subpoenaed by the court at the request of appellant, and testified.

Without detailing the evidence, it is sufficient to say that there was more than enough to raise the issue of insanity under the standard of Davis v. United States, 1895, 160 U.S. 469, 16 S.Ct. 353, 40 L.Ed. 499, and to cast the burden on the government of proving beyond a reasonable doubt that appellant was sane when the offense was committed. By the same token, there was ample proof to support a finding that appellant was sane. The verdict could have gone either way and the court did not err in denying the motion for judgment of acquittal in this regard.

Appellant urges the holding of this court in Argent v. United States, 5 Cir., 1963, 325 F.2d 162, as being to the contrary, and controlling. The court there held on the facts presented that there was reasonable doubt as a matter of law as to the defendant's sanity. Such was not the case here. The government met its burden of proof to the extent of creating an issue for the jury.

A more serious contention of error is presented with respect to the denial by the District Court of the request of appellant under Rule 17(b), F.R.Crim.P., that the court subpoena three psychiatrists in addition to the one from Miami who was subpoenaed and who did testify. The verified motion to subpoena these witnesses meets each and every requirement of the rule.[1] The motion asserted

---

1. Rule 17(b):

"The court or a judge thereof may order at any time that a subpoena be issued upon motion or request of an indigent defendant. The motion or request shall be supported by affidavit in which the defendant shall state the name and address of each witness and the testimony which he is expected by the defendant to give if subpoenaed, and shall show that the evidence of the

that the testimony of these witnesses was material to the defense, and that it would show a pattern of mental incompetency and legal insanity. The record shows that one of the doctors examined appellant pursuant to an order of the federal court in the District of Columbia in 1951, 1952 and 1955 and each time found that he was legally insane. Another examined him in the District of Columbia in 1955 pursuant to court order and found him to be legally insane. The other examined him in Houston, Texas in December 1960 when he was charged with a similar offense and concluded that he was insane to the extent that he should be placed under the direct supervision of trained personnel. He was thereafter confined to the Texas state mental hospital in 1961 for some months after having been found insane by a jury. The motion to subpoena was denied by the District Judge then handling the case except to the extent that the Miami psychiatrist, the fourth witness requested, was subpoenaed. The case then came on for trial before a visiting judge. The affidavits of the psychiatrists from the District of Columbia were introduced into evidence on the trial. Nothing was heard from the Texas psychiatrist on the trial.

 Appellant's right as an indigent defendant to subpoena witnesses rests not only on Rule 17(b), but on the Sixth Amendment which provides that in all criminal prosecutions the accused shall enjoy the right to have compulsory process for obtaining witnesses in his favor. It is, however, well settled that the right is not absolute but that a wide discretion with respect to subpoenaing witnesses at government expense is vested in the District Court to prevent abuse, and an appellate court will not disturb the exercise of that discretion unless exceptional circumstances compel it. Reis-

troffer v. United States, 8 Cir., 1958, 258 F.2d 379, 396, cert. den., 358 U.S. 927, 79 S.Ct. 313, 3 L.Ed.2d 301. See also Flanagan v. United States, 5 Cir., 1962, 308 F.2d 841; Feguer v. United States, 8 Cir., 1962, 302 F.2d 214, 240; and Murdock v. United States, 10 Cir., 1960, 283 F.2d 585, cert. den., 366 U.S. 953, 81 S.Ct. 1910, 6 L.Ed.2d 1246. We think that the requisite exceptional circumstances are present here with respect to the failure to subpoena the Texas psychiatrist, and for that reason reverse for a new trial.

The file before the court when the subpoena was denied contained a report of this examination and the diagnosis of insanity. However, it is not clear just when the information relative to the fact that he was then charged with a similar crime and the subsequent jury adjudication of insanity on that as a defense came to the attention of the court. The record indicates that it probably was not made known until the visiting judge took over. Whichever may be the case, we think the testimony of this doctor as to the occasion for the examination, its extent, and the resulting diagnosis were relevant both in time and event and we think that the ends of justice would have been better served by granting the request of appellant that he be subpoenaed. We do not hold that there was any error in denying the request to subpoena the doctors from the District of Columbia, and this whether or not the affidavits had been admitted into evidence.[2]

The District Judge under the facts as they pertained to the mental competency of appellant over a period of more than twenty years had to draw the line somewhere but we think that it was somewhat sharply drawn to the extent that it excluded the Texas psychiatrist whose examination was within three years of the critical date and involved an offense of

witness is material to the defense, that the defendant cannot safely go to trial without the witness and that the defendant does not have sufficient means and is actually unable to pay the fees of the witness. If the court or judge orders the subpoena to be issued the

costs incurred by the process and the fees of the witness so subpoenaed shall be paid in the same manner in which similar costs and fees are paid in case of a witness subpoenaed in behalf of the government."

2. They were admitted without objection.

the same type. The heavy work load in the Middle District of Florida resulting in this case being handled by two judges perhaps resulted in neither judge having all of the facts at a time when their weight might have been most appropriate to persuasion. On the other hand, we have the advantage, if not the duty, of studying the whole record in what may be described as something of a detached manner. The result sometimes from this vantage is a feeling that justice was not quite done. That is our feeling here under the almost rare facts presented and we think another trial is warranted.

Reversed and remanded for further proceedings not inconsistent herewith.