**Alvin J. BROWN, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 18026.**

United States Court of Appeals
District of Columbia Circuit.

Argued April 6, 1964.

Decided April 10, 1964.

Mr. John A. McGuinn, Washington, D. C. (appointed by this court), for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and Victor W. Caputy, Asst. U. S. Attys., were on the brief, for appellee. Mr. Max Frescoln, Asst. U. S. Atty., also entered an appearance for appellee.

Before EDGERTON, Senior Circuit Judge, and WRIGHT and MCGOWAN, Circuit Judges.

PER CURIAM.

Appellant, an indigent indicted on narcotic charges, attempted to utilize the defense of insanity based on drug addiction. In an effort to develop evidence for this defense, he made three motions in the District Court for a mental examination and, when these were denied, he made two additional motions to subpoena a psychiatrist. These motions were also denied. See 24 D.C.Code § 301(a) (1961); 18 U.S.C. § 4244 (1951); Rule 17(b), F.R.Cr.P. (1961).

▮ The moving papers contained allegations of long narcotic addiction which, being unquestioned by the Government or the court, must be taken as true. "[N]arcotic addiction is an illness. * * * 'Of course it is generally conceded that a narcotic addict, particularly one addicted to the use of heroin, is in a state of mental and physical illness.'" Robinson v. California, 370 U.S. 660, 667 and n. 8, 82 S.Ct. 1417, 1420, 8 L.Ed.2d 758 (1962). "They are diseased and proper subjects for such [medical] treatment * * *." Linder v. United States, 268 U.S. 5, 18, 45 S.Ct. 446, 449, 69 L.Ed. 819 (1925). The defense of insanity based on drug addiction generally presents a jury issue as to criminal responsibility. Horton v. United States, 115 U.S.App.D.C. 184, 317 F.2d 595 (1963); Rivers v. United States, —— U.S.App.D.C. ——, 330 F.2d 841 (No. 17,-950, decided March 5, 1964). The trier of fact must decide whether the defendant had a mental disability and, if so, whether his act was the product thereof. Hightower v. United States, 117 U.S.App.D.C. ——, 325 F.2d 616, 618–619 (1963).

▮ On adequate averment, the defendant has the right to assistance of the court in developing the basis for his insanity defense. See Cooper and Kennedy v. United States, 118 U.S.App.D.C. ——, —— F.2d —— (Nos. 17,669 and 17,-670, decided April 9, 1964) (concurring opinion). This assistance may take the form of a commitment for mental examination, examination through the Mental Health Commission or the Legal Psychiatric Service, or the appointment of private experts for this purpose. *Ibid.*; Rules 17(b) and 28, F.R.Cr.P.; 21 D.C.Code § 308 (1961); 24 D.C.Code § 106 (1961).

▮ In this case the indigent defendant was denied even the minimal assistance of a free subpoena, although the averments in the motions were not "inherently incredible on their face," nor was there evidence "that the averments are untrue or that the request is otherwise frivolous." Greenwell v. United States, 115 U.S.App.D.C. 44, 46, 317 F.2d 108, 110 (1963). Thus the case must be retried after the defendant is given a fair opportunity to prepare his defense of insanity.

Reversed and remanded for a new trial.