**Reginald John ADAMS, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**Misc. 2339.**

United States Court of Appeals District of Columbia Circuit.

Sept. 21, 1964.

Petition for Rehearing en Banc Denied Nov. 2, 1964.

Reginald John Adams, pro se.

David C. Acheson, U. S. Atty., and Frank Q. Nebeker and David Epstein, Asst. U. S. Attys., were on the pleadings for respondent.

Before BAZELON, Chief Judge, and WILBUR K. MILLER and McGOWAN, Circuit Judges.

ORDER

PER CURIAM.

On consideration of petitioner's petition for leave to prosecute an appeal without prepayment of costs, of respondent's opposition thereto, and of petitioner's reply, it is

ORDERED by the court that the aforesaid petition is denied.

BAZELON, Chief Judge (dissenting).

The District Court denied relief without a hearing in these proceedings under 28 U.S.C. § 2255, and denied leave to appeal in forma pauperis. Petitioner now seeks such leave from this court.

It appears that our indigent petitioner has a history of drug addiction and claims to have been an addict at the time of the alleged narcotics offenses; that he was convicted of Harrison Act violations by a jury unaware that he wished to raise an insanity defense; that he was unable to present this defense because he was both unable to pay for psychiatric services himself, and unsuccessful in repeated efforts, before and during trial, to be committed for a period of mental observation at public expense; that his appointed counsel refused to assist in obtaining this expert evaluation of the merits of his defense; that the two district judges from whom he sought an order for commitment and observation allowed him only a brief psychiatric interview limited to the narrow question of his competency to stand trial;[1] that his appointed appel-

---

1. Generally, an inquiry into competency is of more limited scope than an inquiry into criminal responsibility, and adequate evidence that a defendant is competent

late counsel did not raise the issue on direct appeal.[2] Since the District Court denied relief without a hearing, it must have determined that "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[3]

Matters of defense, such as mental condition at the time of the crime, are ordinarily not available on collateral attack.[4] But here the point at issue is not the merits of petitioner's insanity defense, but whether petitioner was denied a constitutionally fair trial. The gist of his attack is that his insanity defense was, on its face, not frivolous and that consequently, as an indigent, he was constitutionally entitled to more assistance than he received in exploring and evaluating this defense. As the matter stands, he claims, he was cut off from the opportunity of establishing a meritorious defense and hence denied a fair trial. This claim raises an issue which is not plainly frivolous on collateral attack.

Petitioner's history of drug addiction presented a recognized symptom of serious mental disorder.[5] Since he was indigent, the Government was the only feasible source of the diagnostic resources necessary for mental examination; he could no more afford private psychiatric diagnosis than he could private defense counsel.[6] There is increasing recognition that distinctions worked by wealth have no place in the administration of justice.[7] It may be, of course, that at some point the Government may refuse further assistance to an indigent making claims on its resources, as, perhaps, when his claim is patently frivolous,[8] or is revealed to be without substantial merit after preliminary relevant inquiry. But it can no longer be said that the request of a drug addict for a mental examination is patently frivolous.[9] Judicial failure to order an adequate inquiry into Adams' mental condition may have been as serious a denial of constitutional rights as a refusal to appoint counsel.[10] Alternative-

may not support findings concerning responsibility. Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326 (1959); Williams v. United States, 102 U.S.App. D.C. 51, 55 nn. 4–10, 250 F.2d 19, 23 nn. 4–10 (1957); Blunt v. United States, 100 U.S.App.D.C. 266, 275 n. 23, 244 F. 2d 355, 364 n. 23 (1957). Often the examination conducted for determining competency to stand trial is so limited in scope and depth as to be of doubtful value for any purpose.

2. Petitioner assigned the denial of his request for commitment as error in his pro se petition to this court for leave to appeal in forma pauperis from his conviction.

3. 28 U.S.C. § 2255.

4. See, *e.g.*, Bishop v. United States, 96 U.S.App.D.C. 117, 119 nn. 2, 3, 223 F.2d 582, 584 nn. 2, 3 (1955), rev'd on other grounds, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835 (1956).

5. H.R.Rep.No. 2388, 84th Cong., 2d Sess. 54 (1956); Robinson v. California, 370 U.S. 660, 667 n. 8, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962); FINAL REPORT OF THE PRESIDENT'S ADVISORY COMMISSION ON NARCOTIC AND DRUG ABUSE 54 (1963); cases cited *infra* note 9.

6. Cf. Leach v. United States, 118 U.S. App.D.C. ——, 334 F.2d 945, decided April

9, 1964; Goldstein & Fine, *The Indigent Accused, the Psychiatrist, and the Insanity Defense*, 110 U.PA.L.REV. 1061 (1962); REPORT OF THE ATTORNEY GENERAL'S COMMITTEE ON POVERTY AND THE ADMINISTRATION OF CRIMINAL JUSTICE (1963); see Criminal Justice Act, P.L. 88–455, enacted Aug. 20, 1964, 18 U.S.C. § 3006A(e).

7. Griffin v. Illinois, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1933).

8. Compare the opinions in Coppedge v. United States, *supra*.

9. Brown v. United States, 118 U.S.App. D.C. ——, 331 F.2d 822 (1964); Jackson v. United States, 118 U.S.App.D.C. ——, 336 F.2d 579, decided Aug. 7, 1964 (separate opinion). The United States Attorney has indicated his agreement that failure to afford an addict a requested pre-trial mental examination is reason to vacate conviction for a new trial. Appellee's motion to remand for a new trial, Langley v. United States, No. 18455, granted Sept. 9, 1964.

10. Goldstein & Fine, note 6, *supra*. Compare Winn v. United States, *supra*; and Mitchell v. United States, 114 U.S.App.

ly, if counsel's decision to drop this inquiry was reached without sufficient exploration and consideration, a question would arise whether he rendered effective assistance[11]. A hearing is therefore required to determine whether petitioner is an addict and, if so, whether there was a sufficient basis for the various decisions made by court and counsel to abandon the insanity issue.[12]

I would grant this petition for leave to appeal in forma pauperis and order the Government to show cause why the case should not be remanded for hearing.

D.C. 353, 316 F.2d 354 (1963), where the issue was raised on direct appeal. Cf. Taylor v. United States, 329 F.2d 384 (5th Cir. 1964); Bush v. McCollum, 231 F.Supp. 560, N.D.Tex., decided May 27, 1964.

11. Willis v. United States, 106 U.S.App. D.C. 211, 218, 271 F.2d 477, 484 (1959) (dissenting opinion), cert. denied, 362 U.S. 964, 80 S.Ct. 881, 4 L.Ed.2d 879 (1960); Plummer v. United States, 104 U.S.App.D.C. 211, 213, 260 F.2d 729, 731 (1958) (dissenting opinion).

12. In this connection, see note 1, *supra;* and Mitchell v. United States, *supra*, note 10.