**Harvey GREENE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 19113.**

United States Court of Appeals
District of Columbia Circuit.

July 13, 1965.

Mr. Robert M. Beckman (appointed by this court) filed pleadings for appellant.

Messrs. David C. Acheson, U. S. Atty., and Frank Q. Nebeker and John A. Terry, Asst. U. S. Attys., filed pleadings for appellee.

Before BAZELON, Chief Judge, FAHY, Circuit Judge, and BASTIAN, Senior Circuit Judge.

ORDER

PER CURIAM.

This case came on for consideration on appellant's motion to remand this case to the District Court and on appellee's reply thereto, and it is

Ordered by the court that appellant's motion is granted and this case is hereby remanded to the District Court for a new trial.

PER CURIAM.

On this appeal from conviction for housebreaking and larceny, appellant's court-appointed counsel moved for appointment of an *amicus* on the ground that he required assistance in presenting

---

significant issues in this appeal regarding narcotics addiction and criminal responsibility.[1]

At trial, there was evidence that appellant was a narcotics addict and a police officer testified that appellant showed withdrawal symptoms when he was arrested while committing the alleged offense. Defense counsel did not, however, request an insanity instruction and none was given.

After filing the motion for *amicus* assistance in this court, appellant moved in the District Court for a new trial on the basis of newly discovered evidence.[2] He alleged that such evidence was found in an "emergency treatment record" of D. C. General Hospital where he was taken immediately after his arrest. That record indicates that appellant was diagnosed as a "narcotics addict" exhibiting "withdrawal symptoms," and contains the following notation: "said to be heroin addict since 1945. $40 habit, mainliner; has never taken pills. Last fix over 24 hrs. ago. Now withdrawing."

The District Court indicated that it would grant appellant's motion for new trial if the case were remanded by this court. Following Smith v. Pollin, 90 U.S.App.D.C. 178, 194 F.2d 349 (1952), we grant appellant's motion for remand.

So ordered.

1. *Cf.* Heard v. United States, 121 U.S.App. D.C. ——, 348 F.2d 43, decided Dec. 17, 1964; Brown v. United States, 118 U.S. App.D.C. 76, 331 F.2d 822 (1964).

2. Rule 33, FED.R.CRIM.P.