### Willie A. WOMACK
v.
### UNITED STATES of America.
### Civ. A. No. 2953-67.

United States District Court
District of Columbia.
Jan. 4, 1968.

Judith A. Wilson, Asst. U. S. Atty., Washington, D. C., for the United States.

Jerome H. Simonds, Washington, D. C., for defendant.

## MEMORANDUM

GASCH, District Judge.

On April 28, 1967, defendant was sentenced to 2½ to 7½ years on one count of housebreaking and 2½ to 7½ years on one count of assault with a dangerous weapon, said sentences to run concurrently. Defendant noted an appeal in the case, which is presently pending in the United States Court of Appeals for the District of Columbia (No. 21,235, September Term, 1967). On November 17, 1967, defendant filed a motion for vacation of sentence under 28 U.S.C. § 2255, alleging that the in-court identification of defendant by the complaining witness was inadmissible as the result of a prejudicial show-up. Counsel for defendant requested a full evidentiary hearing on this matter, involving testimony by the complaining witness, a considerable number of police officers, and others who might know something about the event in question.

The Court deferred an evidentiary hearing on the merits of the motion, and heard argument on its jurisdiction to entertain a § 2255 motion while a direct appeal from the conviction is pending.

The Court is of the opinion that it does not have jurisdiction to entertain a motion for vacation of sentence under 28 U.S.C. § 2255 while a direct appeal is pending in the United States Court of Appeals. While no opinion on this precise point in this jurisdiction has been brought to the Court's attention, other circuits have consistently held that resort to collateral attack via § 2255 cannot be made while a direct appeal is pending.[1] Among the reasons for this

---

1. See, e. g., Masters v. Eide, 353 F.2d 517 (8th Cir. 1965); United States v. Brilliant, 274 F.2d 618 (2nd Cir. 1960); Black v. United States, 269 F.2d 38 (9th Cir. 1959); Nemec v. United States, 184 F.2d 355 (9th Cir. 1950); Bell v. United States, 265 F.Supp. 311 (N.D.Miss.1966), affirmed 375 F.2d 763; Bilderback v. United States, 159 F.Supp. 713 (M.D.Ga. 1957); United States v. Kobey, 109 F. Supp. 687 (S.D.Calif.1953).

rule is that a pending appeal divests the District Court of jurisdiction,[2] and indeed it would seem inconsistent with orderly procedure to allow a case to be simultaneously pending in two courts. In addition, the result of the pending appeal may render unnecessary the subject of the collateral attack.[3]

The United States Court of Appeals for the District of Columbia has recently intimated an opinion consistent with the above holdings. In a per curiam order filed March 13, 1967, in the case of Jerry G. Ray v. United States, No. 20,-751, the Court denied a motion for appointment of counsel to represent Ray in his appeal from an order of the District Court denying his § 2255 motion. Noting that the instant appeal was a collateral attack and that a direct appeal was pending, the Court further ordered that the instant appeal be dismissed without prejudice to the renewal of the § 2255 motion at such time as the conviction then on direct appeal became final "if there then shall remain grounds upon which such conviction shall be open to collateral attack."

In addition, Judge Burger, of the United States Court of Appeals, sitting as a District Judge in Henderson v. United States, Civil Action No. 2716–63, originally denied petitioner's motion for vacation of sentence on December 3, 1963, but on January 21, 1964, amended his order to deny the motion without prejudice "inasmuch as this court doubts its jurisdiction to entertain a motion under 28 U.S.C. § 2255 pending termination of petitioner's appeal * * *."

Defendant has cited Greene v. United States, 122 U.S.App.D.C. 150, 352 F.2d 366 (1965), as holding that the District Court may *entertain* a motion for a new trial on the ground of newly discovered evidence. In *Greene,* the Court of Appeals, aware of the fact that the District Court had indicated a desire to grant such a motion, remanded the case to the District Court to render this disposition

possible. However, a motion for a new trial on the ground of newly discovered evidence is unlike a motion for vacation of sentence in that the former necessarily involves subject matter incapable of being raised at trial. Where the motion for vacation of sentence is, as here, essentially an objection to evidence introduced at trial, this difference becomes even more significant.

At oral argument counsel made it quite clear that he was not relying on newly discovered evidence as a basis for his motion. On the contrary, he took the position that point II of Stovall v. Denno, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), was applicable for the reason that due process of law was denied defendant because the identification of defendant at the police station was so unnecessarily suggestive as to amount to the denial of due process. Counsel was not prepared, however, to refer the Court to any factual basis for this position other than the fact that there was no lineup at the precinct when the victim viewed the defendant.

Trial counsel did not have the benefit of what the Supreme Court has written in *Stovall* for the reason that the case was tried about three months before *Stovall* was decided. Trial counsel did seek to probe what transpired at the police station when the victim came in to observe the defendant who was then in custody. No limitation was placed on interrogation of these witnesses by counsel during trial nor was any objection raised to the in-court identificaton by the complaining witness of the defendant.

In addition, the Court is reluctant to establish a precedent under which a record could be supplemented with additional evidence through the mechanics of a § 2255 motion while an appeal is pending, at least where there is no allegation that such evidence is "newly discovered" within the meaning of Rule 33 of the Federal Rules of Criminal

2. Bilderback, supra, fn. 1, 159 F.Supp. at 716.

3. Black, supra, fn. 1, 269 F.2d at 41.

Procedure. The principle of finality requires a party to present his entire case at trial, rather than piecemeal through successive § 2255 motions. The criminal docket of this Court is crowded enough without effectually extending trials beyond their respective verdicts.

Therefore, it is by the Court this 4th day of January, 1968,

Ordered that the motion of the defendant for vacation of sentence under 28 U.S.C. § 2255 be and the same hereby is denied without prejudice to its being renewed upon termination of the appeal now pending in Criminal No. 1288–66.