**Jacob CALLOWAY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14877.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 10, 1959.

Decided Aug. 27, 1959.

Mr. William T. Hannan (appointed by this court), Washington, D. C., with whom Messrs. Samuel G. Foshee and Kent D. Thorup, Washington, D. C., were on the brief, for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, BAZELON and WASHINGTON, Circuit Judges.

BAZELON, Circuit Judge.

Appellant was convicted of an assault with a dangerous weapon upon his estranged wife.

Before trial his court-appointed counsel moved for determination of defendant's mental competency to stand trial. As ground for this motion, counsel alleged, *inter alia*, that the defendant "failed to respond logically to questions put to him * * * [that he] seemed dazed and detached and unable to orientate himself to the fact that he was being tried by a Court of Law. * * * [and that he] attempted suicide [on the day of the alleged offense] by jumping from the Fourteenth Street Bridge into the Potomac River." At the hearing upon the motion, immediately after the court had ruled that it would order the examination, defense counsel requested that the examination include "consideration that the defendant could have been mentally ill at the time of commission of the

crime." The court refused, stating: "No, I am going to order only the one thing." Counsel persisted, however, by asking if he could "make an amendment in order to include an investigation that would also tie in the defendant's mental condition at the time the crime was committed?" Whereupon the court said: "I am not going to include that in the order." Accordingly an order was entered directing an examination for the limited purpose of determining competency to stand trial.

The report of the examination conducted reads in its entirety as follows:

"Jacob Calloway was admitted to District of Columbia General Hospital July 18, 1958.

"Psychiatric examination reveals this patient to be sane, competent and capable of participating in his own defense.

"He may be returned to the Court at any time."

Appellant was thereupon brought to trial. His sole defense was insanity.

This case is governed by our recent decision in Winn v. United States, —— U.S.App.D.C. ——, 270 F.2d 326. There the prosecutor, in a pre-trial motion, sought *"a complete and thorough mental examination."* But the examination ordered by the court was limited to consideration of the defendant's competency to stand trial. At trial, as in the present case,[1] the limited scope of the examination conducted was apparent from the

testimony of the psychiatrist who conducted it. On appeal from the conviction, we pointed out that proper determination of the issue of responsibility requires more extensive investigation than that required to determine competency to stand trial. As in Winn, therefore, this case is

Reversed and remanded.

---

[1.] In the instant case, the prosecution called the psychiatrist who had examined appellant seven weeks after the alleged offense for the purpose of determining his trial competency. The witness testified that in his opinion appellant was free from mental disease or defect at the time of the alleged offense. He based this opinion on information elicited from appellant that, at the time in question, he had no hallucinations, felt no panic and was able to recognize his surroundings. For all that appears in the record before us, the witness obtained all of his information from appellant. Thus, although appellant blamed his marital difficulties, it is not shown that the psychiatrist obtained any information from appellant's wife. Nor does it appear that

the psychiatrist had the benefit of any information from appellant's employer or co-workers, who testified at the trial that after 1956 appellant had changed "terribly," that he stared into space, talked to himself, was upset, moody, brooding, and looked like he was going to "crack up." It may be that the psychiatrist viewed this information as unnecessary for a determination of trial competency. But such information is an essential part of the supporting data which makes the expert's opinion meaningful upon the issue of criminal responsibility. Carter v. United States, 1957, 102 U.S. App.D.C. 227, 252 F.2d 608; Winn v. United States, —— U.S.App.D.C. ——, 270 F.2d 326.