Haywood **CURRY**, Appellant,

v.

Winfred **OVERHOLSER**, Superintendent,
St. Elizabeths Hospital, Appellee.

No. 15848.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1960.

Decided Nov. 23, 1960.

Mr. Charles W. Halleck, Washington,
D. C. (appointed by the District Court),
for appellant.

Mr. Daniel J. McTague, Asst. U. S.
Atty., with whom Messrs. Oliver Gasch,
U. S. Atty., and Carl W. Belcher, Asst.
U. S. Atty., were on the brief, for appellee.

· Before WASHINGTON, DANAHER and
BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a habeas corpus case. Appellant, who seeks to be released from St. Elizabeths Hospital, appeals from the judgment of the District Court denying his petition. The court found that Curry had been validly committed pursuant to Section 301(d) of Title 24, D.C.Code (Supp. VIII, 1960); that he is presently suffering from an abnormal mental condition, and would be dangerous to himself and others if released; and that the respondent hospital superintendent was not arbitrary or capricious in recommending that release be denied.

Appellant was indicted in 1957 for assault and mayhem. He was examined at St. Elizabeths Hospital, by order of the District Court, and found mentally incompetent to stand trial. After some 13 months at St. Elizabeths, he was found competent to assist his counsel, and was tried in the District Court. At the trial, the defense of insanity was the only one raised. The defendant's counsel, retained by him, called two psychiatrists who had examined him at the hospital. Both testified that he had a chronic brain syndrome, as well as a psychosis. The Government had no medical evidence to offer. It put on the stand the two complaining witnesses, who had been brutally attacked and grieviously injured,[1] and a policeman. These three said Curry had appeared "normal" and "rational" on the day of the offense. The jury found Curry guilty. Appellant's counsel then moved for judgment of acquittal by reason of insanity, notwithstanding the verdict. After a hearing, the trial judge denied the motion, but *sua sponte* granted leave to appeal in forma pauperis. Appellant was sentenced to imprisonment for a term of three to ten years.

On appeal to this court (our No. 14,902), appellant's retained counsel, who had represented him at the trial, filed a brief raising only two points: first, that the judge had erred in telling the jury,

in his charge, that appellant had been found competent to stand trial;[2] second, that the judge had erred in refusing to grant appellant's motion for a directed verdict of acquittal by reason of insanity. The brief concluded with a prayer that this court "reverse the conviction and remand the case to the U. S. District Court with instructions to enter a verdict of 'Not Guilty by Reason of Insanity.'"

The Government thereupon filed a confession of error as to the first point, and asked the court to remand the case for a new trial. Appellant's retained counsel then filed a document urging the court to rule on the second point raised on appeal, stating:

"If, as appellant urges, the Court erred in failing to enter a judgment of acquittal n. o. v., he is entitled to have this Court remedy this error now; he should not be forced to undergo another trial unless and until the instant Court finds that the Government sustained its burden of proving his sanity as required under the decisions of this Court."

Another pleading was then filed by the Government, concluding that "an instruction to the lower court to enter a judgment of acquittal by reason of insanity would be an appropriate means of securing to appellant the relief he requests." A reply was filed by appellant's counsel, stating that "appellant entirely concurs" in the Government's proposal, and joins in the Government's request that "the matter be remanded with instructions to enter a judgment of acquittal by reason of insanity." This court, on March 17, 1959, entered an order in conformity with the parties' joint motion. On April 13, 1959, the District Court entered an order committing Curry to St. Elizabeths Hospital, pursuant to Section 301 of Title 24.

On February 15, 1960, Curry filed a petition in the District Court, alleging

---

1. One of the victims was totally blinded in one eye, partially blinded in the other, and facially scarred. The other victim received facial scars.

2. Citing 18 U.S.C. § 4244 (1958), and Taylor v. United States, 1955, 95 U.S. App.D.C. 373, 222 F.2d 398.

that he was illegally confined in St. Elizabeths, and asking the court to appoint an attorney to represent him. The court appointed Mr. Charles W. Halleck as counsel. A hearing was held on March 2, on the petition and respondent's answer. Curry appeared and testified, saying, among other things:

"Q. Did there come a time when you were sent over to St. Elizabeth's Hospital? A. Yes, sir.

"Q. And was that because, to your knowledge, because of some action taken by the Court of Appeals? A. Yes, sir.

"Q. Mr. Curry, today are you insane, or [of] unsound mind, or do you suffer from any abnormal mental condition? A. No, sir, I don't.

"Q. Now, one other thing, Mr. Curry. At the time the Court of Appeals returned this case, is it your understanding that they returned the case to the District Court in such fashion that you were committed to St. Elizabeth's Hospital or confined in St. Elizabeth's Hospital? A. Yes, sir.

"Q. Now, were you advised, before that occurred, that you could have had an entirely new trial in which you might have been entirely acquitted of the charges? A. No, sir.

"Q. Did you make any choice between a new trial in which you could have been entirely acquitted of the charges and the action which was taken, namely, sending you over to St. Elizabeth's Hospital? A. No, sir."

Curry also testified that when he had first been sent to St. Elizabeths (to determine his capacity to stand trial) he had told a series of falsehoods to the psychiatrists, concerning alleged headaches and hallucinations, in an effort to "bug out," i. e., establish his insanity defense. The Government introduced medical testimony to the effect that Curry was still suffering from a brain defect, though his psychosis was considered to be in remission, and that he would be dangerous to himself and others if released. Instances of Curry's violence to others at the hospital were described.

On this appeal, appellant's present counsel attacks the District Court's order, denying relief, on several scores. He urges that Curry's confinement was not in compliance with Section 24–301, and hence is illegal; that the section is unconstitutional in its application to Curry's case; and that Curry proved, to the extent possible to one in his circumstances, that he has no mental abnormality justifying his continued confinement.

 We do not discount the weight and seriousness of these arguments. However, the general question of the constitutionality of Section 24–301 has been decided favorably to the validity of the statute. Ragsdale v. Overholser, 1960, 108 U.S.App.D.C. 308, 281 F.2d 943; Overholser v. Russell, 1960, 108 U.S.App.D.C. 400, 283 F.2d 195. And we find nothing in the present case that would remove appellant from the scope of those decisions. The circumstances of Curry's commitment were, of course, unusual. But this is not a case in which it can be said that Curry has been committed to St. Elizabeths by reason of the acts of his attorney rather than his own acts. He was present in the trial court when the defense of insanity was raised; present when the psychiatrists testified as his witnesses in the way he desired them to testify; and present when his counsel urged the court to direct a verdict of acquittal by reason of insanity.[3] Having thus elected to make himself a member of that "exceptional class" of persons who seek verdicts of not guilty by reason of insanity, see

---

3. At sentencing, when the judge called upon Curry to speak, he replied:

"I don't have anything to say, Your Honor. I would like to go to the hospital. I feel I am still sick and the hospital helps me a whole lot. I would like to go back and I would like to go there if I have to do time. I would like to do it there."

Overholser v. Leach, 1958, 103 U.S.App. D.C. 289, 257 F.2d 667, certiorari denied, 1959, 359 U.S. 1013, 79 S.Ct. 1152, 3 L.Ed.2d 1038, he cannot now be heard to complain of the statutory consequences of his election. The question whether the District Court erred in denying his prayer for direction of such a verdict was the principal question raised on appeal to this court. Appellant's counsel filed a brief making a strong case that error had been committed, and urged this court to rectify it by directing the trial court to enter a judgment of acquittal by reason of insanity. The Government agreed. The resulting judgment stands as a final judgment. No direct attack upon it is possible. The collateral attack now being made rests on appellant's statement that he was not informed that a possible alternative to his commitment was to ask for a new trial. But that was not a meaningful alternative. The testimony was clear that appellant had committed the acts charged in the indictment. At a second trial his only possible defense would be insanity. Any chance that a jury would after a second trial acquit him completely and put him on the street was minuscule. By this court's order Curry was given exactly what he had asked the District Court to give him, namely, a judgment of acquittal by reason of insanity. Our order was a valid exercise of our authority. See 28 U.S.C. § 2106 (1958); Douglas v. United States, 1956, 99 U.S. App.D.C. 232, 239 F.2d 52; Isaac v. United States, 1960, 109 U.S.App.D.C. ——, 284 F.2d 168; Calloway v. United States, 1959, 106 U.S.App.D.C. 141, 270 F.2d 334; Wright v. United States, 1957, 102 U.S.App.D.C. 36, 250 F.2d 4; Fielding v. United States, 1957, 102 U.S.App. D.C. 167, 251 F.2d 878. We hold, therefore, that Curry was validly committed under Section 24–301.

Curry is entitled, of course, to challenge his confinement in the instant habeas corpus proceeding, and to establish (if he can) his present eligibility for release, under the conditions laid down by the statute. Cf. Overholser v. Leach, supra. Appellant, an indigent, argues that he is handicapped in this regard by not having available to him private psychiatrists to testify as to his present mental condition. We recognized this difficulty and dealt with it, in De Marcos v. Overholser, 78 U.S.App.D.C. 131, 137 F.2d 698, certiorari denied, 1943, 320 U.S. 785, 64 S.Ct. 157, 88 L.Ed. 472, and Overholser v. De Marcos, 80 U.S.App. D.C. 91, 149 F.2d 23, certiorari denied, 1945, 325 U.S. 889, 65 S.Ct. 1579, 89 L. Ed. 2002. In these cases, we said that "an inmate of St. Elizabeths Hospital petitioning for habeas corpus might demand the expert testimony of members of the Commission on Mental Health, or that the court on its own motion might require it. This gives any inmate of St. Elizabeths the protection of a diagnosis by independent experts." See 80 U.S. App.D.C. at page 93, 149 F.2d at page 25. We think this relief is available to all indigent inmates of the hospital, including those committed under Section 24–301.[4] No such relief, however, was requested in this case. And we do not think the record here justifies action on our part directing the District Court to reopen the proceedings to permit it to be sought. Curry received due process of law. The doctors who testified at the habeas corpus proceedings were among those whom he had called as witnesses in his own behalf at his trial. They were thoroughly familiar with his history and his behavior at the hospital. Their conclusions were clear and positive as to Curry's present condition and the probability of his being dangerous if released. Able cross-examination sought to cast doubt on the validity of their conclusions.

4. The petitioning inmate who seeks such relief must, of course, voluntarily submit to such examination or examinations by the Mental Health Commission as it deems necessary. In exceptional cases, it may be that the court can order him to submit. Cf. De Marcos v. Overholser, supra 78 U.S.App.D.C. at page 133, 137 F.2d at page 700. Non-indigent inmates, if good cause is shown, should also be entitled to relief under De Marcos.

But the doubt is not sufficient to justify us in setting aside the findings of the District Judge, who heard their testimony and accepted their conclusions.

The judgment of the District Court will be affirmed, without prejudice to a second habeas corpus proceeding, brought after a reasonable period of time has elapsed, see Stewart v. Overholser, 1950, 87 U.S.App.D.C. 402, 186 F.2d 339, at which testimony of the sort described in the De Marcos cases may be received.

So ordered.