Percy A. BATTLE, Petitioner,

v.

Dale C. CAMERON, Superintendent, Saint Elizabeths Hospital, Respondent.

No. 461–66.

United States District Court
District of Columbia.

Nov. 14, 1966.

B. Michael Rauh, Washington, D. C., for petitioner.

Oscar Altshuler, Asst. U. S. Atty., Washington, D. C., for respondent.

## OPINION

HOLTZOFF, District Judge.

This is a writ of *habeas corpus* issued upon the petition of a person who has been committed by another Judge of this Court to Saint Elizabeths Hospital for a mental examination in connection with a criminal charge pending against him.

The defendant was indicted on a charge of murder in the second degree and was released on bail. Counsel for the defendant gave notice that he intended to interpose the defense of insanity. This notice was given in the form of a motion for a separate trial on the issues of the commission of the crime and insanity. The form of the notice is immaterial. The fact is that the Government was put on notice by the defendant's counsel that the issue of insanity would be interposed at the trial.

■ If some evidence of insanity at the time of the commission of the offense is introduced at the trial, it is well established that the burden then remains on the Government to prove the defendant's mental responsibility beyond a reasonable doubt.

No doubt in the light of this burden of proof the Government then filed a motion for a mental examination and for a commitment of the defendant for that purpose to Saint Elizabeths Hospital, to determine, first, whether the defendant was competent to stand trial and, second, whether he was suffering from a mental disease or defect at the time of the commission of the alleged offense and, if so, whether the alleged offense was a product of such mental disease or defect. This motion was granted by another Judge of this Court and the defendant was committed to Saint Elizabeths Hospital for examination. The constitutionality of this procedure is challenged in this *habeas corpus* proceeding.

Obviously there being a burden of proof on the Government on the issue

of insanity, it is necessary for the Government to make a sufficient investigation to determine what evidence there is of sanity or insanity, and to obtain such evidence. Whether a person is sick or well can best be determined by examining that person. This truism applies as much to a person's mental illness as it does to a physical ailment. It is very difficult to determine or ascertain whether a person is mentally ill or not without having that person examined by qualified psychiatrists. To place the burden of proof on this issue on the Government and at the same time to deprive the Government of an opportunity for a mental examination of the defendant, would lead to an absurdity and would be a travesty on justice.

The statutory scheme expressly permits a commitment for a mental examination such as has been directed here, D. C. Code 24–301(a), provides, in part, as follows:

> Whenever a person is arrested, indicted, or charged by information * * * for or with an offense and, prior to the imposition of sentence or prior to the expiration of any period of probation, it shall appear to the court from the court's own observations, or from prima facie evidence submitted to the court, that the accused is of unsound mind or is mentally incompetent so as to be able to understand the proceedings against him or properly to assist in his own defense, the court may order the accused committed to the District of Columbia General Hospital or other mental hospital designated by the court, for such reasonable period as the court may determine for examination and observation and for care and treatment if such is necessary by the psychiatric staff of said hospital.

Manifestly, the commitment in this case is justified by the provisions of this statute. It is urged by counsel for the defendant, however, that as so applied the statute is unconstitutional because, first, it violates the defendant's privilege against self-incrimination under the Fifth Amendment and, second, it violates his right to bail under the Eighth Amendment of the Constitution.

■■ Taking up each of these contentions separately, so far as the privilege against self-incrimination is concerned, attention must be called to the rule that this privilege extends only to testimony given or that may be given by the accused. It does not extend to examination of his body. This was held in an opinion written by Mr. Justice Holmes in Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021. In that case the defendant was required to put on a blouse in order to determine whether it fitted him. The Supreme Court held that there was no violation of the privilege against self-incrimination since, "an exclusion of his body as evidence when it may be material" is not required by the Fifth Amendment. The same is true of the state of the defendant's mind or his mental capacity.

■ This conclusion is fortified by the provisions of 18 U.S.C. § 4244, which safeguard the defendant against evidence of any statements that he might make to the examining physician bearing on the question of his guilt or innocence. This provision reads as follows:

> No statement made by the accused in the course of any examination into his sanity or mental competency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding.

■ The Court of Appeals for this Circuit has held that this prohibition is applicable to mental examinations in the District of Columbia conducted under D.C.Code 24–301, Edmonds v. United States, 104 U.S.App.D.C. 144, 147, 260 F.2d 474. Thus the defendant is fully safeguarded against the use that might possibly be made of any admissions that he utters in the course of his examination by the psychiatrist.

The second objection is that the defendant is being deprived of his right to bail. The Court is of the opinion that this objection is equally untenable. The defendant is himself raising the defense of insanity. In order to determine whether he is sick or well, whether it be mentally or physically, it is necessary to conduct an examination of his person, whether it be of his mind or his body. Under the circumstances there is nothing arbitrary or unconstitutional in committing him for a reasonable length of time as the statute provides, to a mental hospital in order that the examination may be conducted. There are instances in which a person may be committed without bond even in non-capital cases. For example, the courts have held that this is permissible in the course of a trial, even though a presumption of innocence continues until there is a verdict or a finding of guilt.

In the light of these considerations the Court reaches the conclusion that the objections based on constitutional grounds to a mental examination of the defendant are not well founded.

The writ will be discharged and petition dismissed and the petitioner remanded to present custody.