**Paul W. MARCEY, Petitioner,**

v.

**David W. HARRIS, Acting Supt., St. Elizabeths Hospital, Respondent.**

**Habeas Corpus No. 140–68.**

United States District Court
District of Columbia.

June 10, 1968.

Albert J. Ahern, Jr., Washington, D. C., for petitioner.

Thomas Green, Asst. U. S. Atty., for respondent.

## OPINION

HOLTZOFF, District Judge.

This is a petition for a writ of habeas corpus seeking to set aside and vacate the petitioner's commitment for a mental examination in connection with a criminal charge pending against him, involving murder in the first degree. A writ has been issued and this matter is before the Court on the return to the writ. The salient facts are few and undisputed.

By a recent Act of Congress, (Act of Dec. 27, 1967, Public Law No. 90–226, 81 Stat. 735) a new sub-section was added to District of Columbia Code, Section 24–301. The new sub-section (j) reads as follows:

> "Insanity shall not be a defense in any criminal proceeding in the United States District Court for the District of Columbia or in the District of Columbia court of general sessions, unless the accused or his attorney in such proceeding, at the time the accused enters his plea of not guilty or within fifteen days thereafter or at such later time as the court may for good cause permit, files with the court and serves upon the prosecuting attorney written notice of his intention to rely on such defense."

For the first time this statute placed upon the defendant or his counsel

the burden of giving advance notice of the defense of insanity. The purpose of that enactment is clear. It was to avoid the predicament in which the Government at times found itself when the defense was interposed unexpectedly at the trial and the Government was not prepared with evidence to meet the assertion. The Government under those circumstances was put in a doubly difficult position because it is the established Federal rule that on the issue of insanity, if some evidence of insanity is introduced, the burden of proof is on the Government to show mental capacity to commit the crime and to establish this fact beyond a reasonable doubt. Manifestly, the purpose of the statute was to place the Government in a position where it would be forewarned and able to prepare to meet the defense. It is an enactment that has been recommended by the American Law Institute in its Model Penal Code.

In the light of this statute, counsel for the defendant in this case filed a formal notice on April 5th, 1968 that insanity at the time of the offense would be raised as a defense in this case. In addition, counsel for the defendant in effect gave a similar notice by moving for what has been called a bifurcated trial, namely, one trial on the issue of mental capacity to commit the crime and another trial on the question whether the defendant actually committed the criminal act. This motion came before another Judge of this Court, who deferred it for the consideration and disposition by the Trial Judge.

In the light of these two notices, the United States Attorney moved for a commitment of the defendant to St. Elizabeths Hospital for a mental examination. It was the sensible course for the United States Attorney to pursue, because manifestly the only way to prepare to meet the defense of alleged insanity is to examine the defendant. The motion was granted. The petition for a writ of habeas corpus in this instance is based on the contention that the commitment is invalid in that there is no statutory authority for such a commitment.

District of Columbia Code, Title 24, Section 301(a) authorizes the commitment to a mental institution for a mental examination as to defendants charged with criminal offenses. It is urged by counsel for the defendant, however, that this statute is applicable only to mental examinations as to competency to stand trial and does not extend to an attempt to secure a mental examination as to mental capacity to commit the crime at the time that the offense was committed. If the statute is strictly construed, there is some merit in counsel's argument.

 While penal statutes defining criminal offenses must be strictly construed, this principle does not apply to procedural statutes. This Act is a procedural enactment relating to criminal procedure. The Court of Appeals for this Circuit has already held that in connection with an examination as to mental competence to stand trial, an examination should also be made as to the defendant's mental capacity to commit the crime.[1] In other words, the Court of Appeals has ruled that although irrespective of whether this statute may be literally limited to examinations as to mental competency to stand trial, whenever such an examination is ordered, it should be extended to mental capacity to commit the crime. It is the view of this Court that the statute should be broadly construed and, as so interpreted, should be applicable to a situation such as is presented in the instant case. This conclusion is supported by the opinions of the Court of Appeals extending the Act to mental examinations as to capacity to commit the crime in connection with mental examinations as to competency to stand trial.

1. Winn v. United States, 106 U.S.App.D.C. 133, 270 F.2d 326; Calloway v. United States, 106 U.S.App.D.C. 141, 270 F.2d 334.

The question was before this Court in Battle v. Cameron, D.C., 260 F.Supp. 804, before the enactment of the recent statute requiring notice of the defense of insanity. In that case counsel for the defendant made a motion for a separate trial on the issues of the commission of the crime and insanity, thereby giving notice to the Government that it was intended to advance the defense of insanity. A motion for a mental examination was made by the Government and was granted. This Court was confronted with a writ of habeas corpus, as it is in the *instant* case, asserting that the commitment was invalid. This Court upheld the commitment. So far as this Court is aware, no appeal was taken from that decision and therefore it stands as law. In that case this Court made the following observation:

> "To place the burden of proof on this issue [i. e. insanity] on the Government and at the same time to deprive the Government of an opportunity for a mental examination of the defendant, would lead to an absurdity ar.d would be a travesty on justice."

This case was cited with approval by the Court of Appeals for the Eighth Circuit in Alexander v. United States, 380 F.2d 33, 39, where that Court likewise permitted a pretrial mental examination of the accused in behalf of the Government. The Court, in discussing this point, wrote as follows:

> "It would violate judicial common sense to permit a defendant to invoke the defense of insanity and foreclose the Government from the benefit of a mental examination to meet this issue. Judge Holtzoff in Battle v. Cameron, 260 F.Supp. 804, 806 (D.D.C. 1966), observed: 'To place the burden of proof on this issue on the Government and at the same time to deprive the Government of an opportunity for a mental examination of the defendant, would lead to an absurdity and would be a travesty on justice'."

■ Even irrespective of any statute, the Court would have inherent power to commit the defendant for a mental examination in view of the assertion of an intention to invoke the defense of insanity. The very purpose of Congress in enacting the requirement of such a notice was to place the Government in a position of preparing to meet the defense. There is no more effective way to do so than by a mental examination of the defendant. The mental condition of a person cannot be determined without a mental examination.

In the light of these considerations the Court is of the opinion that the commitment was valid. The writ will be discharged and petition dismissed.