STATE of Missouri, Respondent,

v.

James HOLMES, Appellant.

No. 53384.

Supreme Court of Missouri,

Division No. 1.

March 10, 1969.

Motion for Rehearing or to Transfer to Court
En Banc Denied April 14, 1969.

Norman H. Anderson, Atty. Gen., Jefferson City, Dallas W. Cox, Jr., Special Asst. Atty. Gen., St. Louis, for respondent.

Louis Wagner, Kansas City, for appellant.

WELBORN, Commissioner

Appeal from 15-year sentence in jury-waived trial on charge of robbery in the first degree.

The proprietor of, and a clerk at, the Troostwood Pharmacy in Kansas City identified the appellant as one of two men who entered the pharmacy shortly after it opened on August 18, 1965, produced pistols, forced the proprietor to open the safe, and took money and narcotics from the safe. Appellant was arrested two days later and subsequently charged with the offense.

The transcript on this appeal does not show fully the pre-trial proceedings in the circuit court. However, we gather from statements in argument in the trial court that appellant, in September, 1965, pled not guilty to the charge. Some six months later, he changed his plea to guilty, and a pre-sentence investigation was ordered. In September, 1966, after the pre-sentence investigation had been completed, the plea of guilty was withdrawn. For reasons not shown, the case disappeared from the criminal docket for some time. When it was returned to the docket and set for trial, a "legislative continuance" (§ 510.120 RSMo 1959, V.A.M.S.) was obtained, and the case reset for trial July 18, 1967. Appellant did not appear for trial on July 18. The surety on appellant's bond had died. Appellant's arrest was ordered and approximately ten days later he surrendered.

On August 15, 1967, appellant's counsel filed a motion for mental examination under § 552.020, RSMo Supp.1967, V.A.M.S., and a motion to rely on the defense of mental disability, under § 552.030, RSMo Supp.1967, V.A.M.S. A hearing on the motions was held August 21, 1967. The appellant and his mother testified in support of his motions. No evidence was offered by the state. At the conclusion of the hearing, the trial court overruled the motion for mental examination, under §

552.020, to determine the appellant's capacity to understand the proceedings against him and to assist in his own defense.

On the second motion for permission to rely upon the defense of mental incapacity, the court sustained the motion, and directed the state and defense counsel to arrange for appellant's examination within ten days. The court then ordered the case set for trial at the end of the 10-day period.

On August 22, 1967, the court reconsidered its order sustaining the motion under § 552.030, stated that it had concluded that the conditions for the examination which it had imposed did not comply with the applicable statutes, concluded that there were no reasonable grounds for mental examination to be had at that time, overruled appellant's motion, and ordered the case set for immediate trial.

At the beginning of the trial on August 28, 1967, appellant requested the waiver of a jury trial. The court interrogated appellant, who stated that he wished to waive a jury trial because he would be unable to get an unprejudiced jury because of newspaper publicity. The court consented to the waiver.

At the trial, the defense offered as a witness Dr. Vernon Jobson, a psychiatrist, who had examined appellant, at the request of defendant's counsel, at the Jackson County jail on August 26, 1967. Counsel for the state objected that the defendant had not raised the defense of mental incapacity within the time prescribed by § 552.030, subd. 2. and that the court had previously overruled the defense motion to permit the defense to be raised. The trial court stated that he thought that, despite the statute, he had some discretion in the reception of the evidence, pointed out that no jury was present and said: "* * * I think as a matter of basic equity I want to know as much as I can about this defendant's mental condition."

The doctor testified concerning his examination of the appellant. His diagnosis was stated as follows:

"* * * passive aggressive personality passive aggressive type with recourse to narcotics, alcohol and drugs, and with resultant brain damage."

The doctor further stated:

"In my opinion at the time of the act with which he was charged he did not know the nature or quality of that act and did not know that the act was both morally and legally wrong. It seemed as if he was acting under an irresistible impulse at that time.

"I believe that by reason of disease of the mind he was unable to choose the right and refrain from the wrong with respect to the acts charged. At the time of the criminal act he was not capable of forming the intent to commit the act."

The trial court adopted findings of fact submitted by the state. The findings included the following:

"* * * The Court further finds that at all times material hereto on August 18, 1965 defendant knew and appreciated the nature, quality and wrongfulness of his said conduct and was fully capable of conforming his conduct to the requirements of law. The Court further finds that at all times during the trial of this cause and at the time of this conviction the defendant possessed the capacity to understand the proceedings against him and to assist in his own defense."

Appellant's motion for new trial was overruled and he appealed.

On this appeal, the first assignment of error is based on the court's overruling of appellant's motions for mental examination under §§ 552.020 and 552.030. § 552.020 is the provision defining competency to stand trial and providing for inquiry into that question. Appellant did file a motion for hearing under that provision and a hearing was held and the motion overruled. Renewal of the motion on the day of trial was also overruled.

■ We have carefully examined the motion for new trial filed on behalf of appellant. We find in it no reference to error on the part of the trial court on its ruling on appellant's motion under § 552.020. All assignments of error in the motion for new trial based upon the court's rulings on the issue of appellant's mental competency relate to ruling with respect to the appellant's responsibility at the time of the offense. No mention is to be found of any complaint against the court's overruling the motion raising the issue of capacity to stand trial. This is a matter of trial error, which, under our rule, must be preserved in the motion for new trial. Supreme Court Rules 27.20, 28.02, V.A.M.R.

■ As for the overruling of the request for examination under § 552.030, the examination necessarily was conditioned upon the right of appellant to raise the defense of lack of mental capacity. Notice of intention to rely on the defense had not been given at the time of defendant's arraignment or within ten days thereafter. Therefore, under § 552.030, subd. 2, the defense could be relied upon only if permitted by the court "for good cause shown." The purpose of § 552.030, fixing a time at which notice of intention to rely upon the defense of insanity must be raised, is to prevent the surprise use of such defense precluding adequate rebuttal by the prosecution. See Marcey v. Harris, U.S.D.C., D.C., 287 F.Supp. 73[1, 2]. If the defense is not raised either at arraignment or within ten days thereafter, the language of the statute confers a considerable discretion on the trial judge in subsequently passing upon request to rely upon the defense. Such discretion is essential if the object of the statute is to be achieved, consistently with the requirements of a fair trial. See Lindman & McIntyre, The Mentally Disabled and the Law, p. 321. If the facts upon which a defendant relies in

a tardy effort to rely upon the defense were in existence and known at the specified time, the trial court would be justified in regarding a subsequent application with skepticism. Here the essential reliance was on drug addiction since 1960. That condition, if it existed, would have existed, according to defendant's testimony, at the time of his arraignment. Failure to raise the matter at that time is in no manner explained. The tactics relied upon by the defense had already demonstrated a willingness to make use of delaying tactics, as exemplified by the "legislative continuance." The court was justified in concluding that "good cause" had not been shown for permission to rely on the defense at that time. We do not consider his conclusion an abuse of discretion.

Appellant's next assignment of error relates to the court's refusal of his proposed findings of fact on the issue of responsibility by reason of mental illness or defect at the time of the offense. He also attacks the court's findings as unsupported by the evidence.

The defense of lack of responsibility at the time of the offense was not properly before the court. The statutory scheme for raising and passing upon this defense is designed to protect the interests of both the defendant and the state. Absent waiver by the state, the issue of mental responsibility should be considered only when presented as required by the statute. The court's finding in this case on defendant's responsibility for his acts at the time of the offense amounts to no more than a reaffirmation of the conclusion that the defense of lack of responsibility was not to be permitted.

■■ Even if the evidence had properly been before the court on the issue, it would not have compelled a finding in appellant's favor. Under § 552.030, subd. 5, the presumption of responsibility is sufficient to take the issue to the jury, despite defendant's evidence to the contrary. The trial court, sitting as a jury, had the same

right to disregard defendant's evidence that a jury would have had. See State v. Bannister, Mo.Sup., 339 S.W.2d 281, 282[1, 2]. The burden of proof on the issue rests with the defendant, under § 552.-030, subd. 5. Federal cases, relied upon by defendant, such as Carter v. United States, 102 U.S.App.D.C. 227, 252 F.2d 608, state a rule followed in the federal court and in numerous state courts. See 21 Am.Jur.2d, Criminal Law, § 52, pp. 134–135. However, that rule has not yet acquired the stature of a constitutional requisite. Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L. Ed. 1302.

The judgment is affirmed.

HOUSER and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the Court.

All of the Judges concur.