Douglas F. Youhg, J.
Motion by the District Attorney for an order (1) granting the District Attorney permission to have defendant examined by a qualified psychiatrist to determine *731 defendant’s sanity at the time of the alleged commission of the crime charged in the indictment, (2) directing the authorities at the psychiatric department of Nassau County Medical Center to provide the District Attorney with copies of available psychiatric records of defendant, (3) directing defendant to co-operate with the psychiatrist, (4) directing that the examining psychiatrist be prohibited from testifying to statements or admissions made by defendant dealing with the commission of the crime, (5) precluding the submission of defense expert testimony on the issue of insanity if defendant fails to comply substantially with the terms of the order entered here.
The defendant has notified the District Attorney of Ms intent to rely on a plea of not guilty by reason of insanity. When defendant’s motion was made for leave to serve notice of the proposed defense of insamty, the Judge of this court before whom the motion appeared ordered an examination of defendant under section 658 et seq. of the Code of Criminal Procedure to determine defendant’s ability to stand trial. The examination has been held and the report, which indicates that defendant can stand trial, is scheduled for confirmation. Informally defense counsel has indicated that he intends to consent to confirmation of the report.
Defendant opposes the relief requested in this motion, principally on the grounds that by such examination the constitutional rights of defendant would be violated in that he would be deprived of his right to assistance of counsel on the examination if his attorney were not present, that information divulged to the psychiatrist might be self incriminating, and that in any event such examination would not disclose the defendant’s mental condition at the time of the occurrence. Defendant also requests that a written report be made by the examining psychiatrist and that a copy be furnished to defendant’s attorney.
In the face of a plea of insanity, ‘ ‘ The need for a full scale mental examination is obvious.” (People v. DiPiazza, 24 N Y 2d 342, 353.)
‘ ‘ It would violate judicial common sense to permit a defendant to invoke the defense of insanity and foreclose the Government from the benefit of a mental examination to meet the issue.” (Alexander v. United States, 380 F. 2d 33, 39.) (Bee, also, Battle v. Cameron, 260 F. Supp. 804, 806; People v. DiPiazza, supra.)
To prevent the District Attorney from having the defendant examined as to his mental condition at the time of the alleged crime, in order to sustain his burden of proof, ‘z would lead to *732 an absurdity and would be a travesty on justice.” (Battle v. Cameron, supra, p. 806.)
The contention by defendant that such examination, without the presence of his attorney, would violate his rights under the Fifth and Sixth Amendments (i.e., that it would violate his right to be represented by counsel at all critical stages and would compel him to testify against himself) is untenable. (State v. Whitlow, 45 N. J. 3; United States v. Baird, 414 F. 2d 700.)
Regarding the question of self incrimination, it is stated in State v. Whitlow (supra, pp. 15, 17): “In recent years when statutes requiring or permitting court order for psychiatric examination of an accused have been attacked as transgressing the privilege against self-incrimination the attacks have been rejected uniformly [citations omitted]. * * # An accused who asserts lack of criminal guilt because of insanity and who fully cooperates with psychiatrists engaged by him for examination purposes, answering all questions put to him including those relating to the crime itself, ought not to be allowed to frustrate a similar comprehensive examination by the State by asserting the bar against self-incrimination. He ought not to be able to advance the claim and then make the rules for determination of the claim.”
While a psychiatrist might of necessity question defendant as to events surrounding the occurrence, such questioning would be for the purpose of ascertaining defendant’s mental condition at that time, and statements made to the psychiatrist would be inadmissible on the trial, except in rebuttal of testimony based on such statements offered by the defendant. (United States v. Albright, 388 F. 2d 719; United States v. Baird, supra; State v. Whitlow, supra.)
Regarding the right to representation by counsel at the examination, the controlling law, so far as I have ascertained, is the holding of the Appellate Division of the Fourth Department (Matter of Lee v. County Ct. of Erie County, 33 A D 2d 1093). There, the court held that the defendant was not entitled to have counsel present, citing United States v. Albright (supra, p. 726) where it is stated: “From the intimate and personal nature of the examination, we are satisfied that, except in the unusual case, the presence of a third party, in a legal and non-medical capacity, would severely limit the efficacy of the examination”. To same effect see United States v. Baird (supra, p. 711).
*733 One question has been raised in a case dealing with the issue of the right to have defendant’s counsel present at the psychiatric examination, to wit, that the examination can be considered a critical point in the case. (United States v. Baird, supra, p. 711.) This (it is argued) is so even though defendant’s answers concerning acts showing guilt of the alleged crime cannot be testified to by the psychiatrist at the trial. The reason stated is that some information conveyed by the defendant may provide a lead to the discovery of incriminating evidence by the prosecution. Defendant’s counsel might never know that such information was revealed and how the evidence was obtained. For example, an answer which reveals the hiding place of a murder weapon might be elicited, and this information might inadvertently be revealed to the prosecutor.
This is not, it seems, likely to happen. However, to obviate any such possibility, the psychiatrist engaged by the People is directed to include in his report all the information concerning questions and answers involving the commission of the alleged crime, and any acts performed thereafter by defendant which might be construed as of an incriminating nature. As this report will be made available to defense counsel he will be aware of what has been revealed and he can move this court in respect to any information which he considers to have been improperly obtained.
Upon the foregoing it is ordered that the District Attorney may commission a qualified psychiatrist to examine the defendant for the purpose of making a determination as to defendant’s sanity at the time of the commission of the crimes charged in the within indictment, and it is further ordered that the proper authorities at the psychiatric department of Nassau County Medical Center, East Meadow, New York, provide the District Attorney with copies of all available medical and psychiatric records of Harold A. Blank in their possession, and it is further ordered that the psychiatrist shall examine the defendant, and upon completion of the examination submit a written report and opinion to the District Attorney, and it is further ordered that the District Attorney, upon receipt of the written report and opinion of the psychiatrist, shall forthwith forward a copy of same to the attorney for the defendant, and it is further ordered that upon the trial of this indictment the psychiatrist appointed pursuant to this order may not testify as to any statements or information given or told to him during the examination relating to the guilt or innocence of defendant of the offense, except to the extent that it may be in rebuttal of testimony given and introduced on behalf of defendant by his *734 psychiatric expert which revealed such information, and it is further ordered that the motion be and is in all other respects denied.