**342** 

**STATE of Missouri, Respondent,**

v.

**Lawrence Durward HAWKINS, Appellant.**

**No. 57678.**

Supreme Court of Missouri,
Division No. 1.

March 12, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Special Asst. Atty. Gen., St. Louis, for respondent.

W. C. Sterett, Nevada, for appellant.

WELBORN, Commissioner.

Appeal, filed prior to January 1, 1972, from judgment of conviction and five-year sentence, imposed under the Second Offender Act, after jury found Lawrence Durward Hawkins guilty of burglary in the second degree.

The only evidence at the trial was produced by the state. It showed the following:

At around 7:00 A.M. on Sunday, September 15, 1968, three residents of Nevada, Missouri, were driving north on Highway 71 in that city, en route dove hunting. As they drove past the warehouse and office of Yeager Wholesale Inc., the occupants of the auto noticed an automobile backed up to the Yeager building door. Two of the dove hunters were Yeager's employees, and, not expecting anyone to be at the building at that time, they drove up to the building and stopped, facing the parked vehicle and near its front end. When they did so, two men, one carrying a "walkie-talkie," came out the building door and entered the parked car. The dove hunters backed out of their way and the other vehicle drove off, accelerating rapidly.

Nevada police were called to the scene. Examination of the premises showed that an outer wooden door and inner steel door to the Yeager office had been pried open. Inside the office, four crowbars were found and the combination dial on the safe had been nearly knocked off.

The dove hunters gave police a description of the men and the license number of their automobile. At the trial, all three of the men identified appellant Hawkins as the man they saw emerge from the building, carrying a "walkie-talkie."

██ On this appeal, the first contention of appellant is that the state's evidence was inadequate to permit the jury to find as a "moral certainty" that appellant was present at the scene of the burglary. This contention is based upon the fact that the

eyewitnesses viewed the intruders for from five to thirty seconds and then purported to identify appellant at the trial some three years later. The eyewitnesses' testimony was substantial evidence connecting appellant with the offense. Its weight was for the jury. State v. Turner, Mo.Sup., 320 S.W.2d 579, 584 [8, 9].

 Appellant contends that the state failed to prove a breaking and entering of the building by defendant. There was no direct testimony to that effect, but the presence of the two persons within the building, together with the evidence that the doors had been forcibly broken, was sufficient to support the jury verdict. This is more than a case of mere "suspicious" conduct, involved in State v. Walker, Mo.Sup., 365 S.W.2d 597, relied upon by appellant. See State v. Lindner, Mo. Sup., 282 S.W.2d 547, 549[1].

The state produced substantial evidence of the offense charged and of appellant's participation therein. This is not a case in which the verdict is based upon surmise, conjecture, suspicion or the mere opportunity to commit the offense.

Appellant finally contends that the court erred in reading into the record the personal file of the appellant. Upon the sentencing, the court did read into the record the conclusion of a presentence report by a state probation and parole officer in which the officer recommended imposition of a ten-year sentence. The court also noted the record of appellant's prior convictions and arrests, taken from a FBI report filed with the presentence report. No objection was made to the trial court's action.

Without any citation of authority or otherwise supporting his position, appellant now says that since the personal record of the defendant was withheld from the jury, the court "should not invade the province with his own personal reviews." Rule 27.-07(b), V.A.M.R., authorizes the court to consider the presentence report upon imposing sentence. The objection here raised is without merit.

Judgment affirmed.

HIGGINS, C., concurs.

PER CURIAM:

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.