**STATE of Missouri, Respondent,**

v.

**William Joseph BACON, Appellant.**

**No. KCD 26361.**

Missouri Court of Appeals, Kansas City District.

Nov. 5, 1973.

**500**

James L. McMullin, Hill & McMullin, Kansas City, for appellant; John J. Cosgrove, Kansas City, of counsel.

John C. Danforth, Atty. Gen., Vincent F. Igoe, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., PRITCHARD, J., and FRANK CONLEY, Special Judge.

FRANK CONLEY, Special Judge.

The appeal in this matter was originally filed in the Supreme Court. The cause was ordered transferred to this Court, in which jurisdiction is vested, Article V, Section 3, V.A.M.S., Constitution of Missouri, as amended; Garrett v. State, 481 S.W.2d 225 (Mo. banc 1972).

The defendant was charged with first degree robbery by means of a dangerous and deadly weapon. The death penalty was waived. He was found guilty of the offense and the jury being unable to agree upon punishment, same was fixed by the court at imprisonment for a term of thirty-five years. Defendant has appealed.

The defendant assigns as the only error on this appeal, that the trial court erred in finding that at the time of the alleged offense the defendant was not suffering from any mental defect or disease excluding responsibility, alleging that there was no evidence to support this finding, and that the defendant was denied due process of law.

Those facts which are relevant to this contention are that on August 9, 1971, prior to the trial of this matter, a motion to rely on the defense of mental disease or defect pursuant to the provisions of Section 552.030, RSMo 1969, V.A.M.S. was filed by the attorney for the defendant and an examination was ordered and conducted at the Western Missouri Mental Health Center, Kansas City, Missouri. Dr. Bruno H. Zwerenz, M.D., filed with the court a four page written report under date of November 9, 1971, together with a follow-up letter dated December 29, 1971. This cause was set for trial on February 7, 1972, and on February 3, 1972, the Prosecuting Attorney requested a continuance of the matter until February 20, 1972 alleging as a basis for the continuance that the complaining witness was ill and unavailable for trial. The cause was continued and reset for trial on March 13, 1972. On March 2, 1972, the defendant filed a second motion for mental examination under the provisions of Sections 552.020 and 552.030, RSMo 1969, V.A.M.S. alleging that the defendant at the time of the occurrence in question suffered from a mental disease or defect to the extent that he did not know or appreciate the nature, character, or wrongfulness of his conduct and was incapable of conforming his conduct to the requirements of the law and that for the further reason that the defendant lacks capacity to understand proceedings against him or to assist in his own defense. This motion was denied on March 2, 1972, on the basis that it was filed out of time and because the defendant had already had one

examination. On the morning of trial, March 12, 1972, the court took up the question of determination called for by Chapter 552, and after making reference to the reports of Dr. Zwerenz the court found that the defendant does have the mental capacity to cooperate with counsel and to assist in his own defense and that at the time of the alleged offense the defendant was not suffering from any mental defect or disease excluding responsibility as defined under Chapter 552.

The defendant in both motions for mental examination, has alleged an inability to cooperate with counsel and that he was not responsible for his conduct at the time of the commission of the crime. However, on this appeal, the defendant alleges only that at the time of the offense he was suffering from a mental defect or disease excluding responsibility and that there was no evidence to support the finding by the trial judge that the defendant was not suffering from such mental disease or defect excluding responsibility. Defendant frankly concedes there are no cases in Missouri supporting his position and requests that the court rule on the "plain meaning of the statute". This we shall proceed to do. Turning to the provisions of Section 552.-030 and particular reference to sub-section 7, the following is found:

"All persons are presumed to be free of mental disease or defect excluding responsibility for their conduct, whether or not previously adjudicated in this or any other state to be or to have been insane, drunkards, drug addicts, sexual or social psychopaths, or otherwise mentally ill, incompetent, deranged or impaired. The issue of whether any person had a mental disease or defect excluding responsibility for his conduct is one for the jury to decide upon the introduction of substantial evidence of lack of such responsibility. But in the absence of such evidence the presumption shall be conclusive. Upon the introduction of substantial evidence of lack of such responsibility, the presumption shall not disappear and shall alone be sufficient to take that issue to the jury. The jury shall be instructed as to the existence and nature of such presumption when requested by the state and, where the issue of such responsibility is one for the jury to decide, the jury shall be told that the burden rests upon the accused . . ."

From a reading of the above provisions, the defendant is presumed to be free of mental disease and the matter becomes one for the trier of facts, in this case the jury, to decide only if the defendant introduces substantial evidence of lack of responsibility. In the absence of such evidence the presumption is conclusive. Since defendant did not carry this burden, there was no submissible issue. State v. Holmes, 439 S.W.2d 518 (Mo.1969).

The defendant could have availed himself of an independent examination by a psychiatrist or medical doctor of his own choosing. The denial of a motion for a second mental examination filed eleven days before trial is not an abuse of discretion in view of the previous examination and the either uncooperative attitude or inability of the defendant to assist in the making of the earlier report. If the defendant was unwilling and uncooperative the first time, any deficiency in the report was his own fault; if he was unable to do so, there is no reason to assume (without some affirmative showing on his part) he would be able to do better at a second examination.

An examination of the trial record reveals no facts which would call for the submission of the question of mental responsibility to the jury and a review of the transcript reveals no other trial errors.

For the reasons noted, we affirm.

All concur.