STATE of Missouri, Plaintiff-Respondent,

v.

Lloyd WILLIAMS, Defendant-Appellant.

No. 36250.

Missouri Court of Appeals,
St. Louis District,
Division Three.

March 18, 1975.

Charles D. Kitchin, Public Defender, Christelle Adelman Adler, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, K. Preston Dean, III, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John J. Mohan, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

GUNN, Judge.

Defendant, after trial without jury, seeks to overturn his conviction for the second degree burglary of the Black Circle Records store in St. Louis. Defendant charges: 1) that there was insufficient evidence to establish that he had committed a breaking into the store; 2) that the trial court erroneously failed to make a specific ruling or finding regarding defendant's plea of not guilty by reason of mental disease or defect excluding responsibility; 3) that the trial court erred in failing to find defendant not guilty by reason of mental disease or defect. We affirm the judgment.

The State's evidence was that on September 18, 1973, the Black Circle Records store had been closed and locked by an employee. The burglar alarm in the store was set and the cash register left open with from one to two dollars in pennies in it. Later in the same evening, police officers, responding to the store's activated burglar alarm system, found the front window of the store broken open and the defendant inside hiding under a mattress. The cash register was empty and defendant had one dollar and thirty-six cents in pennies in his possession. No other people were observed in the area of the store, and the broken window was the only apparent means of entrance or exit.

■ Defendant contends that there was no proof that he perpetrated a breaking to gain entrance to the store. Although there was no direct testimony to establish that defendant broke the window permitting his entry into the store, the fact that there was clear evidence of a forcible entry coupled with defendant's presence inside the store was sufficient evidence to support a finding of guilty on the charge of second degree burglary. State v. Hawkins, 491 S. W.2d 342 (Mo.1973); State v. Brunson, 516 S.W.2d 799 (Mo.App.1974).

■ Defendant, at trial, asserted a defense of not guilty under § 552.030 RSMo 1969, V.A.M.S.,[1] by reason of a mental disease or defect excluding responsibility and contends that the trial court erred in not making a ruling or specific finding concerning defendant's plea. Paragraph 8 is the only portion of § 552.030 RSMo which requires mention of the court's decision regarding defendant's claim of mental disease or defect and then only when the defendant is acquitted on such ground. Otherwise, in a court-tried case the court shall make a general finding, and issues upon which no specific findings are made shall be deemed in accordance with the result reached. Rule 26.01(c), V.A.M.R. Since the trial court found defendant guilty, it may be assumed by implication that the court found defendant was responsible for his acts, and the trial court's finding "be-

---

1. § 552.030.1 RSMo 1969, V.A.M.S., provides: "1. A person is not responsible for criminal conduct if at the time of such conduct as a result of mental disease or defect he did not know or appreciate the nature, quality or wrongfulness of his conduct or was incapable of conforming his conduct to the requirements of law."

yond a reasonable doubt that defendant is guilty of the charge of burglary second degree" was sufficient to establish defendant's conviction. No further ruling or finding was necessary. State v. Parker, 501 S.W.2d 3 (Mo.1973).

Finally, defendant contends that the trial court erred in failing to find him not guilty by reason of mental disease or defect. Defendant's total evidence consisted of the testimony of a court appointed psychiatrist who made a complete and thorough study and examination of defendant. The psychiatrist's diagnosis of defendant was that although a mild mental deficiency existed by reason of his I.Q. Level, "[t]he defendant at the time of the alleged crime did not have a mental disease nor defect which would have made him unable to know or appreciate the nature, quality or wrongfulness of his conduct, or incapable of conforming his conduct to the requirements of the law."

The defendant is presumed to be free of mental disease, and it was only necessary for the trial court to determine if the defendant had presented substantial evidence of lack of mental responsibility for his criminal conduct. State v. Bacon, 501 S.W.2d 499 (Mo.App.1973). The only evidence presented in this case was that defendant was at the time of the crime capable of appreciating the nature, quality and wrongfulness of his conduct. There was no basis for finding him not guilty by reason of mental disease or defect under § 552.030. Defendant did not overcome his burden of establishing that at the time of the crime he was handicapped by a mental disease or defect. State v. Holmes, 439 S.W.2d 518 (Mo.1969). Thus, there was no error in the trial court's finding that defendant was guilty of second degree burglary as charged.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.