STATE of Missouri, Plaintiff-Respondent,

v.

Lucious JOHNSON, Defendant-Appellant.

No. 36822.

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 6, 1976.

Rehearing Denied Feb. 24, 1976.

Thomas J. Nold, Robert O'Blennis, Asst. Public Defenders, St. Louis, for defendant-appellant.

Preston Dean, Philip M. Koppe, Asst. Attys. Gen., Jefferson City, Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

**WEIER, Presiding Judge.**

Defendant was convicted by a jury of the offense of burglary second degree. Under the Second Offender Act, he was sentenced by the court to the custody of the Department of Corrections for a period of six years. On this appeal, he contends that the evidence was insufficient to sustain a judgment of conviction and that the court, therefore, erred in not sustaining his motion for judgment of acquittal. He further contends that the court erred in allowing the jury to hear identification testimony from the state's eyewitness because the photographic identification and subsequent lineup were impermissibly suggestive so as to assure misidentification. We affirm.

The facts that sustained the conviction may be briefly stated. Juanita Person, then age 10 years, with her brother, Timothy Person, age 20 years, returned to the home of their parents, Mr. and Mrs. Timothy Person, Sr. on August 16, 1974, between 4:00 and 5:00 p. m. Juanita was seated on the passenger side of the front seat of the automobile in which she was riding, and her brother was driving. As her brother pulled the car in the driveway at the home, she saw a green car in front of their house with a man sitting inside of it. She heard the car horn signal about five times and then a man, whom she identified as the defendant, came running out of the house. He first came out of the front door, ran across a front porch, down the steps, then through the yard within about ten or twelve feet from where she was getting out of the car. This man then entered the other automobile and it was driven away. When her parents came home, they determined that about $200.00 in money and a .25 caliber pistol had been taken from the house. They found a tire tool on a coffee table in the living room. The front door had been forced open. Upon viewing some black and white photographs submitted to her by the police,

she picked out a picture of the defendant. Later at a lineup, the same day, she again identified defendant. During the trial, she identified the appellant in court as being the man that she saw run from her home.

Mr. Timothy Person, Sr. took an active interest in investigating this burglary and subsequent burglaries to his house after his house had been broken into some three times. Because of his activities in another investigation which had nothing to do with defendant, he was arrested and placed in jail. While he was there, through a conversation with another inmate, he learned that the defendant was in the cell next to him. In an ensuing conversation with the defendant, the defendant suggested to Mr. Person that he, the defendant, could get some of Mr. Person's things back if Mr. Person didn't prosecute. Mr. Person identified the defendant in the courtroom as the man who had this conversation with him.

■ In order to sustain his first point on appeal, that the evidence failed to make a case for the jury, defendant urges that we invoke the standards necessary for sustaining a conviction based on circumstantial evidence of defendant's identity as set out in State v. Phillips, 452 S.W.2d 187, 189 (Mo.1970). There the court stated that the rule with regard to circumstantial evidence requires that the facts and circumstances relied upon by the state to establish guilt must not only be consistent with each other and with the hypothesis of defendant's guilt, but also must be inconsistent and irreconcilable with innocence and must point clearly and satisfactorily to guilt so as to exclude every reasonable hypothesis of innocence. The court held this rule applied to identification of the defendant. We need not concern ourselves, however, with the application of this rule to the facts in this case because the identification by Juanita Person was not circumstantial. Miss Person saw the defendant come out of her parents' house, run across the porch, down the steps, across the yard, and then get into the getaway car. Not only did she identify the defendant in the picture shown to her by the police, and in the police lineup, but she also testified in court that the defendant was the man that she saw come out of her house and run to the car. This is not circumstantial evidence but direct evidence. Furthermore, the circumstantial evidence rule set forth in State v. Phillips, supra, is applicable only where the evidence of defendant's agency in connection with the crime is entirely circumstantial. State v. McClure, 504 S.W.2d 664, 667[1] (Mo.App. 1974).

■ Clear evidence of a forcible entry coupled with defendant's presence inside a building is sufficient evidence to support a finding of guilty on a charge of second degree burglary. State v. Williams, 521 S.W.2d 169, 170[1] (Mo.App.1975). Miss Person's testimony placed defendant inside the building since she testified that she saw him come out the front door. There was also testimony of a forced entry into the building through the front door, and the presence of the burglar's tool inside the building on the coffee table. The first point advanced by defendant is without merit.

■ Defendant's second contention of error concerns the allowance of the identification testimony of Juanita Person into the evidence. The defendant charges this testimony was impermissibly suggestive because of the circumstances surrounding the photographic identification and the subsequent lineup. Without going into these circumstances, which do not seem to support the charge, we fail to find that defendant has in any way preserved this point on appeal. In order to preserve this point for appellate review, defendant should have filed a pretrial motion to suppress the identification testimony, kept the issue alive by a timely objection at trial, and then should have presented this issue to the trial court in his motion for new trial. State v. Miller, 490 S.W.2d 36, 37[1] (Mo.1973); State v. Brownridge, 459 S.W.2d 317, 320[8] (Mo.1970). Defendant furthermore has failed to dem-

onstrate that any manifest injustice has been done to him or that there has been a miscarriage of justice in this case so as to place this point within the terms of Rule 27.20(c), allowing us to consider this as plain error.

The judgment is affirmed.

DOWD and RENDLEN, JJ., concur.