**PUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                 No. 97-4610

CHARLES MICHAEL BAKER,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-96-11)

Argued: June 5, 1998

Decided: August 27, 1998

Before NIEMEYER and LUTTIG, Circuit Judges, and SMITH,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Vacated and remanded by published opinion. Judge Luttig wrote the
opinion, in which Judge Niemeyer and Judge Smith joined.

_____

**COUNSEL**

**ARGUED:** Stephen Paul Lindsay, LINDSAY & HENSLEY, Ashe-
ville, North Carolina, for Appellant. Thomas Richard Ascik, OFFICE
OF THE UNITED STATES ATTORNEY, Asheville, North Carolina,
for Appellee. **ON BRIEF:** Mark T. Calloway, United States Attor-
ney, Asheville, North Carolina, for Appellee.

_____

**OPINION**

LUTTIG, Circuit Judge:

Appellant Charles Michael Baker was found not guilty only by reason of insanity of mailing a threatening communication in violation of 18 U.S.C. § 876. After further psychiatric evaluation and a statutorily required commitment hearing, the district court granted Baker a conditional release pursuant to 18 U.S.C. § 4243(f). Baker appeals from the district court's order, claiming that the district court lacked statutory authority to place conditions upon his release. For the reasons that follow, we vacate the district court's order of conditional release and remand to the district court for further consideration in light of this opinion.

I.

On February 15, 1996, a federal grand jury indicted Baker for mailing a threatening letter in violation of 18 U.S.C.§ 876. Baker waived his right to a jury trial and consented to a psychiatric evaluation. Upon receiving the psychiatrist's report, which concluded that Baker had a serious psychotic disorder involving prominent delusions of persecution at the time he committed the offense, the district court found Baker not guilty only by reason of insanity, pursuant to 18 U.S.C. § 4242. The court then committed Baker to the custody of the Attorney General of the United States for assignment to a suitable facility, in accordance with 18 U.S.C. § 4243(a), pending the psychiatric evaluation of Baker's current mental condition as required by section 4243(b). This second psychiatric evaluation essentially accorded with the first, but concluded that Baker's condition had "substantially resolved" since the time of the offense.

On June 5, 1997, at the close of a hearing at which the results of the second psychiatric report were presented, the district court found that Baker satisfied his burden of proving by clear and convincing evidence that "at the present time" his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. See 18 U.S.C. § 4243(d). Nevertheless, in light of the two psychological reports, the testimony of Baker's brother, and Baker's history of

2

decompensation during times of stress, the district court concluded that Baker's condition was "subject to rapid change." Citing as authority 18 U.S.C. § 4243(f)(2)(B), the district court ordered Baker's release into the custody of his mother and brother, with the condition that he reside with one of those two and continue receiving regular mental health treatment. From this order of conditional release, Baker appeals.

II.

Baker contends that the district court, upon finding that he satisfied his burden of proving by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect, was required by section 4243 to grant him unconditional release. He argues that the district court, by imposing conditions upon his release, exceeded its statutory authority. We agree.

Section 4243, entitled "[h]ospitalization of a person found not guilty only by reason of insanity," establishes the procedures for both the commitment and ultimate discharge of insanity acquittees. After a special verdict of not guilty only by reason of insanity pursuant to 18 U.S.C. § 4242, the district court is required to commit the defendant to a "suitable facility" pending a hearing to be held no more than forty days after the date of the verdict. 18 U.S.C.§ 4243(a), (c). Prior to the date of the hearing, the court must order a psychiatric or psychological examination of the defendant and the preparation of a report on the results of that evaluation. 18 U.S.C.§ 4243(b). The object of the ensuing hearing is to determine whether the defendant can satisfy his burden of proving, either by clear and convincing evidence or by a preponderance thereof (depending on the character of the offense charged) that his release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect. 18 U.S.C. § 4243(d), (e). Section 4243(e) provides that if the court "fails to find" that the defendant has met this burden, it shall commit the defendant to the custody of the Attorney General, who shall then assume ultimate responsibility for the custody, care, and treatment of the defendant until he can cause either the state in which the defendant is

3

domiciled or was tried to assume such responsibility. 18 U.S.C. § 4243(e).

Section 4243 governs more than this initial commitment determination, however. Subsection (f) establishes the procedure by which an insanity acquittee who has previously been committed pursuant to section 4243(e) may subsequently be discharged, with or without conditions. And, in the final provision relevant to this appeal and to our analysis, section 4243(g) governs the standards for revoking a conditional discharge authorized under subsection (f).

In granting appellant Baker a conditional release on the authority of section 4243(f), the district court plainly erred. The district court improperly relied on subsection (f), which governs discharge from confinement previously authorized under subsection (e), rather than on subsection (e), which governs the disposition of commitment following an insanity acquittal. And subsection (e) simply does not authorize the district court to order a conditional release.

The express terms of the statute confirm that the hearing after which the challenged order was entered was governed by subsection (e) rather than subsection (f). Subsection (f), which is entitled "Discharge," is implicated only "[w]hen the director of the facility in which an acquitted person is hospitalized pursuant to subsection (e) determines that the person has recovered from his mental disease or defect to the extent that his release, or his conditional release . . . would no longer create" the substantial risk of injury with which the section is concerned. 18 U.S.C. § 4243(f) (emphasis added). This language makes explicit what common-sense would suggest, namely, that discharge from commitment cannot precede the commitment itself. Thus, a subsection (f) discharge hearing simply cannot, as a matter of the statute's construction, take place until after a subsection (e) disposition of commitment has occurred. Because, as the parties agreed at argument, there is no basis for concluding that any previous proceeding could plausibly be considered a subsection (e) hearing, and because the hearing in question was conducted for the explicit purpose of determining "whether the Defendant's release would not create a substantial risk of bodily injury to another person or serious damage to property of another due to a present mental disease or defect," the only possible conclusion is that the June 5, 1997, pro-

4

ceeding was a subsection (e) determination and disposition hearing. As a consequence, the district court had at the time of its order only the authority that section 4243(e) confers upon it.

Turning to the question whether subsection (e) authorizes a conditional release order of the type entered by the district court, we can only conclude that it does not. Although subsection (e) is rather awkwardly framed in the negative, obliging the court to commit the defendant should it "fail to find" that his release would "not create" a substantial risk of bodily injury or property damage, the unmistakable negative inference of the section is that the court must unconditionally release the defendant if it finds that he does not pose such a risk.

Subsection (e) is not in any way an implicit grant of discretionary authority to the district court to order a conditional release even after a finding that the defendant does not pose the risks identified by the statute. Rather, the subsection directs the court to commit the insanity acquittee to the custody of the Attorney General should he fail to meet the burden required to justify release. In contrast, subsection (f), which by its terms applies only to insanity acquittees who have been hospitalized pursuant to an earlier subsection (e) hearing and finding, does explicitly provide for the third alternative to full release and continued commitment -- conditional release.* The contrast between the express language of subsections (e) and (f) clearly demonstrates that Congress knew how to authorize conditional release of an insanity acquittee when it so desired. The absence of such language from subsection (e), therefore, is compelling evidence of an absence of corre-

_____

*Section 4243(e)(2) does mention the possibility of the defendant's "conditional release under a prescribed regimen." However, that provision simply addresses the <u>circumstances</u> under which a defendant whom the Attorney General has not been able to transfer into the custody of a State may be released. The <u>procedure</u> by which such a release may be obtained is nonetheless governed by subsection (f), which governs the discharge of acquitted persons "hospitalized pursuant to subsection (e)," of which subsection (e)(2) is indisputably a part. In any event, subsection (e)(2), like subsection (f), only applies <u>after</u> the district court has committed a defendant to the custody of the Attorney General pursuant to the primary clause of subsection (e).

5

sponding authority. See Keene Co. v. United States, 508 U.S. 200, 208 (1983) ("[W]here Congress includes particular language in one section of a statute but omits it in another . . ., it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." (internal quotations omitted)). If further evidence of Congress' intent in this section were needed, it is provided by the plain text of subsection (g), which sets forth the procedures for the revocation of conditional discharges, and expressly references conditional release under subsection (f) but makes no reference at all to such a qualified release under subsection (e).

The existence of a post-commitment conditional release option under subsection (f) is not inconsistent with the absence of an exactly analogous pre-commitment authority under subsection (e). Section 4243 requires a defendant who is less than forty days removed from an insanity acquittal to prove that his unconditional release will not create a substantial risk of bodily injury or property damage. That is, the statute ensures that a recent insanity acquittee's present mental state is such that his immediate release, without continued monitoring, would not pose such a risk. If there is sufficient doubt, he is to be committed. But commitment is not necessarily permanent. Under subsection (f), the director of the treatment facility, who presumably will have the benefit of far more extensive observation and evaluation of the defendant's mental state than did the district court at its subsection (e) hearing, may recommend the defendant's release conditioned upon continued compliance with a treatment program that will eliminate the substantial risk to society with which the statute is concerned.

Accordingly, at the subsection (e) hearing conducted by the district court, the court could have either released unconditionally or committed Baker. Because the court instead granted a conditional release for which it lacked proper statutory authority, we are compelled to conclude that the district court plainly erred.

Although the district court explicitly found that Baker had shown that "his release does not create . . . [a] substantial risk" of injury to person or property due to a present mental disease or defect, we remand for further consideration rather than reverse outright the judgment of the district court. The district court's conclusion that, although his "condition is subject to change," Baker does not at this

6

point present a danger to society may well have been predicated upon the court's belief that the conditions it imposed eliminated danger otherwise posed by Baker. In the absence of these conditions, the district court might well conclude that in fact Baker has failed to satisfy his burden under subsection (e) of establishing that his release would not pose a substantial risk to society.

CONCLUSION

The order of the district court is vacated and the case is remanded.

VACATED AND REMANDED

7