**UNITED STATES of America, Plaintiff–Appellee,**

v.

**James CARBULLIDO, Defendant–Appellant.**

**No. 00–10416.**

United States Court of Appeals, Ninth Circuit.

Submitted May 16, 2001[1]

Filed June 1, 2001

Fed. R.App. P. 34(a)(2).

John Lambrose, Las Vegas, Nevada, for the defendant-appellant.

Thomas M. O'Connell, Kathleen Bliss, USLV–Office of the United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: NOONAN and SILVERMAN, CIRCUIT JUDGES, and SEDWICK, District Judge.[2]

PER CURIAM:

In a case of first impression in this Circuit, James Carbullido ("Carbullido") appeals the district court's order conditionally releasing him from custody pursuant to 18 U.S.C. § 4243(f). Carbullido argues that the governing statute—18 U.S.C. § 4243(e)—only permits his commitment or unconditional release. He is correct. Conditional release is only appropriate under 18 U.S.C. § 4243(f) after a person has been committed pursuant to 18 U.S.C. § 4243(c)(e). Carbullido was not thus committed. Consequently, he could not be conditionally released under 18 U.S.C. § 4243(f). *See United States v. Baker,* 155 F.3d 392, 395 (4th Cir.1998) ("discharge from commitment cannot precede the commitment itself.").

The district court's error does not compel Carbullido's unconditional discharge. The district court's order finding that Carbullido did not pose a present danger to society was linked to the conditions it imposed for release. Implied in the district court's reasoning is the conclusion that Carbullido failed to establish that his unconditional release "would not create a substantial risk of bodily injury to another person or serious damage of property to another due to a mental disease or defect...." 18 U.S.C. § 4243(e) (1988).

2. The Honorable John W. Sedwick, United States District Judge for the District of Alaska, sitting by designation.

VACATED and REMANDED for further proceedings consistent with this decision.