**UNITED STATES of America,**
**Plaintiff,**

v.

**Frank BOHE, Defendant.**

**No. C1–04–066.**

United States District Court,
D. North Dakota,
Southwestern Division.

May 26, 2005.

Clare R. Hochhalter, U.S. Attorney's Office, Bismarck, ND, for Plaintiff.

Timothy Q. Purdon, Vogel Law Firm, Bismarck, ND, for Defendant.

## ORDER

HOVLAND, Chief Judge.

The Court has previously detailed the facts of this matter. *See* Docket No. 33. To summarize, the defendant, Frank Bohe, was found not guilty by reason of insanity on March 4, 2005. At that time, the Court ordered Bohe to undergo a psychiatric or psychological examination to determine if his release would create a substantial risk of bodily injury to another person or serious damage to property of another in accordance with 18 U.S.C. §§ 4243(b) and (c). Bohe was admitted to the Federal Medical Center in Butner, North Carolina, to undergo an evaluation on April 13, 2005. *See* Docket No. 31.

On May 10, 2005, the Court received the Forensic Evaluation from the Federal Medical Center in Butner, explaining in relevant part as follows:

> [I]t was the consensus of the review panel that although Mr. Bohe does have a mental disease or defect, his unconditional release at this point would not pose a substantial risk of bodily injury to another person or serious damage to the property of another.

Mr. Bohe is ready to be returned to Court for resolution of his legal situation. His mental status is stable with treatment. He has not voiced any specific homicidal or suicidal ideation. Mr. Bohe's discharge medication includes Prozac 20 mg per day, and Geodon 80 mg twice daily. Regardless of the outcome of his proceedings, he should receive ongoing supervision to monitor his compliance with prescribed medication. Care should be taken to ensure that he receives psychotropic medications as prescribed. He should receive continued reassessment by mental health professionals. (emphasis added)

Based on the uncontroverted report, the Court finds by clear and convincing evidence that Bohe's release would not create a substantial risk of bodily injury to another person or serious damage to the property of another due to his present mental disease or defect in satisfaction of 18 U.S.C. § 4243(b).[1]

The Court's finding is tempered by the Forensic Evaluation and admonition that Bohe should continue to receive medical supervision to ensure compliance with prescribed medications. Needless to say, the Court is concerned about Bohe's current mental health and well-being, and specifically, the need to monitor his compliance with prescribed psychotropic medications. However, having made a finding under 18 U.S.C. § 4243(e) that Bohe does not pose a danger to society, the law does not allow for conditions to be imposed on release. *See United States v. Carbullido*, 251 F.3d 833, 834 (9th Cir.2001) (holding that an individual may not be conditionally released under § 4243(e)); *United States v.*

---

1. Under 18 U.S.C. § 4243(c), following a finding of not guilty by reason of insanity, the Court must conduct a hearing, at which the individual must prove by clear and convincing evidence that he would not create a substantial risk of bodily injury to another person or serious damage to the property of another. *See* 18 U.S.C. §§ 4243(c) and (d). In light of the report, Bohe expressly waived his right to a hearing. *See* Docket No. 35. Neither the Government nor the Defendant requested a hearing in light of the Forensic Evaluation.

*Jain,* 174 F.3d 892, 897 (7th Cir.1999) ("The question posed by the § 4243(c) hearing is a simple one: can a person be released outright? If the answer is yes, that is the end of things; the statute makes no provision for continued monitoring or revocation of release."); *United States v. Baker,* 155 F.3d 392, (4th Cir. 1998) ("Although subsection (e) is rather awkwardly framed in the negative, obliging the court to commit the defendant should it 'fail to find' that his release would 'not create' a substantial risk of bodily injury or property damage, the unmistakable negative inference of the section is that the court must unconditionally release the defendant if it finds that he does not pose such a risk."). In the present case, having satisfied his burden under 18 U.S.C. § 4243(d), Bohe's further commitment is unwarranted. Therefore, the Court orders Bohe's unconditional release.

**IT IS SO ORDERED.**