**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4708**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DANNY T. RONEY, a/k/a Danny Roney, a/k/a Khalid Abdul Al-
Mu'Min,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Columbia.  Cameron McGowan Currie, District
Judge.  (3:08-cr-00252-CMC-1)

Submitted:  June 25, 2010            Decided:  July 21, 2010

Before KING, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Langdon D. Long, Assistant Federal Public Defender, Columbia,
South Carolina, for Appellant.  Deborah Brereton Barbier,
Jeffrey Mikell Johnson, Assistant United States Attorneys,
Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Danny T. Roney appeals the district court's acceptance of his plea of not guilty by reason of insanity and order committing him to the custody of the Attorney General pursuant to 18 U.S.C. § 4243 (2006). Roney's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that, in his view, there are no meritorious issues for appeal, but questioning whether the district court properly accepted Roney's plea of not guilty by reason of insanity and whether the district court erred in ordering Roney committed under § 4243. Roney was notified of his right to file a pro se supplemental brief, but has not done so. For the reasons that follow, we affirm.

The first issue presented in the Anders brief is whether the district court properly accepted Roney's plea of not guilty by reason of insanity to three charges of mailing threats in violation of 18 U.S.C. § 876(c) (2006). We conclude that Roney may not receive review of an acquittal brought about by a successful insanity defense. See United States v. Wattleton, 296 F.3d 1184, 1194-95 (11th Cir. 2002) (rejecting appeal of acquittal after successful insanity defense); Curry v. Overholser, 287 F.2d 137, 139-40 (D.C. Cir. 1960) (same).

Counsel next questions whether the district court erred in ordering Roney committed to the custody of the Attorney

2

General for an indefinite period of time pursuant to 18 U.S.C. § 4243. Section 4243(c) provides that a person found not guilty by reason of insanity shall be granted a hearing not later than forty days after the special verdict to determine whether the release of such person will be dangerous to others or their property. At the hearing, the defendant has the burden of proving by clear and convincing evidence (if the offense involves bodily injury or the risk of bodily injury) or the preponderance of the evidence (with respect to any other offense) that his release would not create a substantial risk of bodily injury to a person or serious damage to property because of a present mental disease or defect. 18 U.S.C. § 4243(d); see United States v. Baker, 155 F.3d 392, 394 (4th Cir. 1998).

We have reviewed the transcript of the § 4243 hearing and the evidence presented by the Government and we find that under either the clear-and-convincing or preponderance-of-the-evidence standard, Roney failed to meet his burden. The district court thus did not err in ordering Roney committed to the custody of the Attorney General.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's orders. This court requires that counsel inform Roney, in writing, of the right to petition the Supreme Court of the United States for

3

further review.  If Roney requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Roney.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED